Jno. W. Stephens, Comptroller, et al., v. Texas & Pacific Railway Company.

No. 1593.   Decided November 7, 1906.

**1.—Taxation—Injunction—Adequate Legal Remedy.**

The unconstitutionality of a statute will not, of itself, authorize the issuing of an injunction to stay proceedings under it for the collection of taxes. There must be a state of facts showing that the enforcement of the law by the officers will result in some injury which can not be avoided by the ordinary course of legal procedure.   (P. 181.)

**2.—Same.**

No ground for injunction is shown against the Treasurer of the State from receiving taxes imposed on a railroad company by a statute alleged to be unconstitutional, where they would only come into his hands as the result of a judgment in the courts, on proceedings instituted against the company by other officers; nor against its Comptroller from ordering such proceedings by the attorney–general; nor against the latter for instituting such proceedings at direction of the Comptroller.   (Pp. 181, 182.)

**3.—Same.**

Injunction will not lie to restrain proceedings to collect a tax alleged to be unlawful, where the only proceeding sought to be enjoined is one in the courts, brought by the officers of the State, to which the complaining party would be a defendant, with power to resist the recovery of judgment therein on the same grounds relied on as entitling him to an injunction.   (Pp. 180–182.)

**4.—Same—Multiplicity of Suits.**

A general allegation that petitioner would be subjected to a multiplicity of suits is not available to show lack of adequate remedy as a basis for injunction, where the proceeding sought to be enjoined was a single action against petitioner in which he could avail himself, as a defense, of the same grounds for relief relied on for the injunction.   (P. 182.)

Vol. C. Supreme—12.

**5.—Injunction—Cloud ⸱ on Title—Tax Lien.**

The assessment of an occupation tax on petitioner, and the institution of legal proceedings to enforce it, can not be enjoined as creating a lien casting a cloud on petitioner's title to his property; no lien on property is created by the assessment of occupation taxes; and the lien created by the judgment could be resisted in the suit therefor upon the ground that the tax was illegal. (Pp. 182, 183.)

**6.—Injunction—Suit Against State.**

A suit for injunction against proceedings to collect a state tax, by the only officers authorized by law to collect the same, is, in effect, a suit against the State, and not maintainable without its consent.    (Pp. 183, 184.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

, The Texas & Pacific Railway Company sued Stephens and others to enjoin the collection of a tax, and appealed from a judgment for defendants. The Court of Civil Appeals reversed, and rendered judgment for appellant, and appellees obtained writ of error.

The questions involving the validity of the tax law here assailed were passed on in State v. Galveston, H. & S. A. Ry. Co., ante, p. 153, and State v. Texas & P. Ry. Co., post, p. 279, and the authorities relied on in the briefs on these points will be there found.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for plaintiffs in error.—The Court of Civil Appeals erred in holding that this suit is not, in substance and effect, one against the State of Texas; and in not dismissing this cause upon the plea, in limine, of appellees (plaintiffs in error), in the nature of a demurrer, to the effect that this suit is one against the State.   Thompson v. Baker, 90 Texas, 169; Taylor v. Hall, 71 Texas, 213; Marshall v. Clark, 22 Texas, 23; Houston Tap & B. B. R. Co. v. Randolph, 24 Texas, 343; Auditorial Board v. Arles, 15 Texas, 75; League v. De Young, 2 Texas, 500; Treasurer v. Wygall, 46 Texas, 457; Texas Mex. Ry. Co. v. Jarvis, 80 Texas, 457; Kimmel v. Wheeler, 22 Texas, 83; Fitts v. McGhee, 172 U. S., 516; Harkrader, Sheriff, v. Wadley, 172 U. S., 148; In re Ayers, 123 U. S., 443; Louisiana v. Jumel, 107 U. S., 711; Antoni ⸱v. Greenhow, 107 U. S., 782; Cunningham v. Macon & B.  Ry. Co., 109 U. S., 446; Hagood v. Southern, 117 U. S., 52; Illinois Cent. Ry. Co. v. Adams, 180 U. S., 31; California v. Southern Pac. Ry. Co., 157 U. S., 258; Ball v. Rutland Ry. Co., 93 Fed. Rep., 513.

The Court of Civil Appeals erred in not dismissing this cause for the reason and upon the ground that the taxpayer has an adequate remedy at law, and is not entitled to the writ of injunction.  Rev. Stats., arts. 946, 4861; McKenzie v. Baker, 88 Texas, 677; Blanc v. Meyer, 59 Texas, 89; Rosenberg v. Weekes, 67 Texas, 578; Fitts v. McGhee, 172 U. S., 530; Shelton v. Platt, 139 U. S., 591; Allen v. Pullman Car Co., 139 U. S., 661; Ball v. Rutland Ry. Co., 93 Fed. Rep., 513.

*Thomas J. Freeman* and *Gregory & Batts,* for defendants in error.— This is not a suit against the State of Texas.   Kaufman County v. McGaughey, 21 S. W. Rep., 261; Jones v. Borden, 5 Texas, 409; Walters v. Wells, 8 Texas, 202; Osborn v. Bank of U. S., 9 Wheaton, 738; Smyth

v. Ames, 169 U. S., 519; Pennoyer v. McConnaughy, 140 U. S., 1; Fargo v. Hart, 193 U. S., 490; Coulter v. Louisville & N. Ry. Co., 196 U. S., 608; In re Tyler, 149 U. S., 164; Poindexter v. Greenhow, 114 U. S., 270; Davis v. Gray, 16 Wall., 203; Scott v. Donald, 165 U. S., 58; Tindal v. Wesley, 167 U. S., 204; Stone v. Farmers' Bank, 174 U. S., 409; United States v. Lee, 106 U. S., 196; Cunningham v. Macon & B. Ry. Co., 109 U. S., 446; In re Ayres, 123 U. S., 493; Fitts v. McGhee, 172 U. S., 516; Coulter v. Weir, 127 Fed. Rep., 905; Taylor v. Louisville & N. Ry. Co., 88 Fed. Rep., 350; Gregg v. Sanford, 65 Fed. Rep., 155; Union Pac. Ry. Co. v. Alexander, 113 Fed. Rep., 347; Scottish Union Ins. Co. v. Herriott, 80 N. W. Rep., 666; Wisconsin v. Cunningham, 15 L. R. A., 561; Bull v. Read, 13 Gratt., 87; Lynn v. Polk, 8 Lea, 121; Bradley v. Commissioners, 2 Hump., 428.

The State of Texas has, by section 13, article 1, of her Constitution, consented to be sued in her own courts for an injury done by her (Const., art. 1, sec. 13.)

Under the Constitution and laws of this state, the District Court has jurisdiction to restrain, by injunction, a state officer from performing, without authority, a purported official act to the legal injury of a complainant. Const., art. 1, sec. 13; Const., art. 5, sec. 8; Rev. Stats., arts. 1099, 1106, 1107; Jones v. Borden, 5 Texas, 409; Walters v. Wells, 8 Texas, 202; Kaufman Co. v. McGaughey, 21 S. W. Rep., 261; Anderson Co. v. Kennedy, 58 Texas, 616; Betts v. Johnson, 73 S. W. Rep., 4; Dean v. State, 88 Texas, 290; Jernigan v. Finley, 90 Texas, 205.

A court of equity will restrain the collection of an illegal tax where the plaintiff has no adequate remedy at law, or where such restraint is necessary in order to prevent a multiplicity of suits. Blessing v. City of Galveston, 42 Texas, 654; George v. Dean, 47 Texas, 73; Court v. O'Connor, 65 Texas, 334; Morris v. Cummings, 91 Texas, 621; City of Fort Worth v. Davis, 57 Texas, 226; Fargo v. Hart, 193 U. S., 490; State Ry. Tax Cases, 92 U. S., 575; Indiana Mfg. Co. v. Koehne, 188 U. S., 681; Union Pac. R. R. Co. v. Alexander, 113 Fed. Rep., 347.

Where a tax sought to be collected is not only illegal, but is wholly unauthorized, an injunction to restrain its collection will lie, notwithstanding there may be an adequate remedy at law. Lum v. City of Bowie, 18 S. W. Rep., 142; Davis v. Burnett, 77 Texas, 3; Johnson v. Holland, 43 S. W. Rep., 71; Mann v. State, 46 S. W. Rep., 652; Sumner v. Crawford, 91 Texas, 129; Court v. O'Connor, 65 Texas, 334; Lebanon v. Ohio & M. Ry. Co., 77 Illinois, 541; Kimball v. Merchants' S., L. & T. Co., 89 Ills., 611; Appeal of Conners, 103 Pa. St., 356; Harper's Appeal, 109 Pa. St., 9 (1 Atl. Rep., 791).

The injunction should have been granted, the plaintiff being entitled to the relief prayed for, and the injunction being necessary to give it this relief, or a part thereof, even if it be admitted that the facts alleged in the petition do not bring the case within the rules of equity. Rev. Stats., art. 2989; Sumner v. Crawford, 91 Texas, 129; McFarland v. Wilder, 54 S. W. Rep., 267.

The petition showed equity entitling appellant to the injunction, because the tax imposed by the act in question would create a lien upon appellant's property. Court v. O'Connor, 65 Texas, 334; Davis v. Bur-

nett, 77 Texas, 3; Schmidt v. Galveston, H. & S. A. Ry. Co., 24 S. W. Rep., 547; Gregg v. Sanford, 65 Fed. Rep., 151.

BROWN, Associate Justice.—The Texas & Pacific Railway Company instituted this suit in the District Court of Travis County against John W. Stephens, Comptroller, Robert Vance Davidson, Attorney-General, and John W. Robbins, Treasurer, of the State of Texas. The object of the suit was to procure the issuance of a writ of injunction against the defendants, restraining them from performing their several duties under an Act of the Twenty-ninth Legislature, which is attached as an exhibit to the petition. It is sufficient for the decision of this case to state that the law in question levied upon every corporation, etc., operating any line of railroad in this State, an occupation tax equal to one percent of its gross receipts, and, for the purpose of determining the amount of the tax, the officers of the railroad companies named therein were required to report to the Comptroller of the State on the 1st day of October, 1905, and annually thereafter, the gross receipts of the line of railroad from all sources whatsoever for the year ending on the 30th day of June preceding the date of the report. The Comptroller is required, upon such return, to estimate the tax required by the statute, and to assess and inforce its collection. The only way by which the Comptroller could inforce the collection is to request the Attorney-General to bring suit for the tax and penalties, in case the railroad company shall fail to pay them on the 1st day of October, and the Attorney-General is authorized and required by law to institute the suits upon the request of the Comptroller. The Treasurer has no duty to perform in connection with the collection of the money, but is only required and authorized to receive it when paid by the taxpayer. It is alleged in the petition that, unless restrained from so doing, the officers made defendants therein would proceed to perform their several duties, and that a suit will be instituted against the railroad company for the recovery of the tax and the penalties. The petition sets out in detail the facts relied upon to show that the law under which the taxes are to be levied and collected is in conflict with the State and Federal Constitutions in several particulars. It is also alleged that the corporation was created by an Act of Congress of the United States, and that its line of railroad extends into Louisiana and Arkansas. There are many allegations in the petition which we do not deem it necessary to mention here, but, to show the grounds upon which the petition relied for the issuance of an injunction, we make the following extract from the opinion of the Court of Civil Appeals rendered in this case: "Said petition further showed, as grounds for relief by injunction, that John W. Robbins, Treasurer of the State of Texas, was personally unable to respond in damages for the injury which was about to be inflicted, and did not have property subject to execution exceeding $5,000 in value, and that the tax purported to be levied by said gross receipts tax bill would aggregate more than $650.000, and that there was no authority granted by statute in the State of Texas, or otherwise, whereby suit could be maintained against the State to recover the taxes so paid, and no provision for the payment of any judgment that might be obtained therefor. Said petition also showed that, by reason of the provisions of said bill, which required the Comptroller to enforce the

collection of the tax and penalties for the nonpayment thereof, there would result a multiplicity of suits from such attempted enforcement, the cost and expense of which would amount to large sums of money, and the bringing to trial of the same would entail further injuries upon the parties claimed to be subject to such tax. It also showed that such tax, and any judgment rendered therefor, would be a lien upon the property of the railway company against whom the same was claimed, and would be a cloud upon the title of such property, and would lessen the market value of the same. Said petition also showed that, by reason of said act being unconstitutional and void, petitioner was entitled to the relief demanded, and that such relief required the restraint of the act of the Comptroller in attempting to estimate, assess and enforce the collection of said tax, and the restraint of the Attorney-General and Treasurer in assisting him in doing the same, because such acts would be prejudicial to the petitioner. By all of which allegations it was shown that there was no adequate remedy at law."

Upon hearing in the trial court, general demurrer and special exceptions were sustained to the petition, and, the plaintiff therein having declined to amend the petition, the case was dismissed, from which the railroad company took an appeal to the Court of Civil Appeals, and that court reversed the judgment of the District Court and rendered judgment enjoining said officers from proceeding to enforce that law.

The plaintiffs in error claim that the injunction should not have been granted by the Court of Civil Appeals, because,

1st. No sufficient ground is shown to justify the court in the exercise of that power.

2d. That, for all wrongs or injuries which the railroad company was liable to, under the facts of this case, it had an adequate remedy at law.

3d. Because this is a suit against the State, and, as the State has not given its consent to be sued, the courts had no jurisdiction to entertain the action.

There is no conflict in the authorities upon the proposition that the unconstitutionality of a statute will not of itself authorize the issuing of an injunction to stay proceedings under it for the collection of taxes. There must be a state of facts showing that the enforcement of the law by the officers will result in some injury which can not be avoided in the ordinary course of legal procedure. (Shelton v. Platt, 139 U. S., 591; Arkansas Bldg. Assn. v. Madden, 175 U. S., 269.)

The first question for our consideration is: Do the allegations of the petition for injunction show that there existed any reason why the court should enjoin the officers from proceeding to the performance of their several duties under the statute? John W. Robbins, as Treasurer of the State, had no duty to perform, and was not undertaking to perform any act except that when the money should be paid in by the taxpayer he would receive it for the State, or if the claim of the State should be enforced by suit, and collected under judgment, then the money would come into the hands of the Treasurer in his official capacity under the general law. Certainly it can not be claimed that any injury would result in this case on account of his readiness to receive the money when the taxpayer was taking steps indicating most clearly that it did not intend to make payment thereof, and Robbins had no authority to use

any coercive measures whatever to collect it. Why enjoin Robbins from receiving that which the railroad company would not pay? He could come into possession of it in no other way except by a judgment of the court.

John W. Stephens, as Comptroller of the State, has neither, under the law of the Twenty-ninth Legislature, which levied the tax in controversy, nor under any general law of the State, authority to do anything in this matter, except when the railroads reported their gross receipts it was his duty, if the reports were not satisfactory, to call for additional reports, but he had no power to enforce that demand. It is true that a refusal to comply with the call for additional reports would subject the taxpayer under the law to penalties, which, however, could only be enforced through a suit in the courts by regular trial. It was the duty of the Comptroller to assess the taxes upon the report made by the officer of the corporation, and, in case it was not paid to the Treasurer by the 1st of October, the Comptroller was required to request the Attorney-General to institute suit for the recovery thereof. We are unable to see how there would result any injury to the taxpayer from a proceeding by the Comptroller in this respect; he neither has authority to enforce the law himself by seizure of their property, nor could the person to whom he was to certify the assessment proceed in any such manner. It seems clear that the action of the Comptroller in obedience to the law of the State could not have put the taxpayer in any position where it would suffer in its property any injury whatever.

Robert Vance Davidson, as Attorney-general of the State, could do nothing in this matter until the Comptroller had made the request of him to institute suit for the collection of the tax assessed, and penalties accruing for a failure to comply with the law. He had no power whatever to use any means to enforce the collection of the tax or the penalties except by regular proceedings in the courts, where the taxpayer would be notified and have its day in court before condemnation. Hence, in the intended action of the Attorney-General, there was neither a present act which infringed upon the rights of the taxpayer, nor a threat on his part to take any proceeding which would deprive the corporation of a right to be heard, or that would inflict an injury upon it.

It is alleged in the petition that the effort of the Comptroller to collect the tax and penalties would result in a multiplicity of suits, but how this could be possible is not alleged, nor shown by the facts set up in the petition. The State could bring but one suit against each taxpayer for the tax and penalties due by it, or him, and in that suit could and should be embraced all the taxes and penalties which had accrued up to the time of the rendition of the judgment, so that there need be but one suit in each case. It is not alleged in this case that the attorney-general proposed to bring more suits against this company than was necessary for the enforcement of the State's right. It is plain that there was no ground for the allegation that the enforcement of the law would involve a multiplicity of suits.

It is alleged that the assessment of the tax, and any judgment that might be rendered therefor, would be a lien upon the property of the petitioner, and would be a cloud upon the title thereto. The Revised

Statutes, article 5086, gives the State a lien upon all real estate upon which a tax is assessed, and article 5175 empowers the collector of taxes, by a proceding in court, to prevent the taxpayer from removing from the county any property upon which a tax has been assessed under certain conditions. But we know of no law, and none has been cited, that would give a lien upon real· or personal property of any kind for an occupation tax. No cloud upon the title could be created by an assessment of taxes which constituted no incumbrance upon the property, for a purchaser of the property, under such circumstances, would take it free of any claim of the State for taxes. The allegation that the judgment, when rendered, would constitute a lien upon the property and a cloud upon the title thereof, could furnish no ground for an injunction, for the judgment could only be rendered after notice to the taxpayer and a hearing in court upon a claim established according to law; therefore, the lien which the judgment might hold, if any, and the cloud that might be cast upon the title of the property by failure to discharge the judgment, would be just such results as every defendant in a court who is subjected to a judgment must suffer as a consequence of his failure to discharge his obligation for which the judgment was rendered. There was no sufficient ground shown for granting the injunction.

The history of this case shows that the remedy at law was and is adequate for the protection of the railroad company. This injunction was applied for and refused in November, 1905, and a suit by the State was then instituted in the same court to recover the taxes and penalties which were sought to be enjoined. To the latter suit the defendant answered all the matters and things set up in the petition for injunction. The case was tried in the District Court, removed to the Court of Civil Appeals and thence to this court, and during all of that time the defendant in error has not been disturbed in the possession or control of its property, nor suffered any injury whatever, but has enjoyed to its fullest extent the ordinary course of the law in making its defense to the demands of the State. It would be a waste of time to enter into an argument to show the existence of such a remedy when it has been so effectually used in connection with this very proceeding. The injunction should have been denied because there was an adequate remedy at law.

Every act which the bill filed in this case sought to enjoin was the official act of each of the officers named as defendants, and was to be performed in the course and prosecution of legal proceedings for the collection of the tax and the penalties claimed under the statute. The assessment made by the Comptroller, and the request by him to the Attorney-General, were but steps in the institution and prosecution of. the State's suit, and the action of the Attorney-General was alleged in the petition to be an intended prosecution in the courts of the country of the State's claim for the taxes and penalties under the law. In re Ayers, 123 United States, 505, the Supreme Court of the United States said: "To secure the manifest purposes of the constitutional exemption guaranteed by the Eleventh Amendment requires that it should be interpreted, not literally, and too narrowly, but fairly, and with such breadth and largeness as effectually to accomplish the substance of its purpose. In this spirit it must be held to cover, not only suits brought

against a state by name, but those also against its officers, agents and representatives, where the State, though not named as such, is, nevertheless, the only real party against which alone in fact the relief is asked, and against which the judgment or decree effectually operates." In that case the Attorney-General of Virginia, and the county attorneys of some of the counties of that State, were, at the suit of nonresidents of the State, enjoined by the Circuit Court of the United States from prosecuting suits in the name of the State of Virginia against taxpayers in that state under a statute which was alleged to be unconstitutional and void. The Attorney-General and some of the county attorneys disobeyed the writ of injunction, and instituted suits for which they were arrested under the process of the Circuit Court of the United States for contempt, and, upon writ of habeas corpus to the Supreme Court, the question was presented as to the validity of that judgment. The Supreme Court held that the Circuit Court of the United States had no jurisdiction of the case because it was a suit against the State of Virginia.

In Fitts v. McGhee, 172 United States, 526, the same question was presented with regard to a proceeding in the State of Alabama, wherein the Attorney-General of Alabama was enjoined by the Circuit Court of the United States from instituting suits in the state courts for the enforcement of a statute of the State of Alabama, and, in that case, the Supreme Court of the United States, quoting, said: "How else can the State be forbidden by judicial process to bring actions in its name, except by constraining the conduct of its officers, its attorneys and its agents? And if all such officers, attorneys and agents are personally subjected to the process of the court, so as to forbid their acting in its behalf, how can it be said that the State itself is not subjected to the jurisdiction of the court as an actual and real defendant?" Again, the court, in the same case, said: "As a State can act only by its officers, an order restraining those officers from taking any steps, by means of judicial proceedings, in execution of the statute of February 9, 1895, is one which restrains the State itself, and the suit is, consequently, as much against the State as if the State were named as a party defendant on the record." In this suit the injunction operated to prevent the action of the only officers who were authorized by law to act for the State in the prosecution of its suit. The right arm of the State is manacled by this writ of injunction, and yet it is said that the body is not a party to the proceeding. This was, in fact, a proceeding against the State, and the Court of Civil Appeals erred in granting the injunction.

It is ordered that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the District Court be affirmed.

*Reversed, and judgment of District Court affirmed.*