## ALPHA PETROLEUM CO. v. RAILROAD COMMISSION.

### Motion No. 7489; No. 7952.

Court of Civil Appeals of Texas. Austin.

March 6, 1933.

Rehearing Denied March 18, 1933.

Wm. N. Bonner, of Wichita Falls, and Lawrence Lipper, of Houston, for appellant.

James V. Allred, Atty. Gen., and Willis E. Gresham and Maurice Cheek, Asst. Attys. Gen., for appellee.

BAUGH, Justice.

Appeal is from a temporary injunction granted without notice or hearing in favor of the commission against appellant restraining it from violating the order of the commission limiting and prorating the production of oil and gas in the Conroe oil field in Montgomery county, Tex.

The amended petition of appellee duly verified alleged that the commission had issued

an order, pursuant to law, on December 31, 1932, effective January 5 to March 1, 1933, limiting the production of oil in said Conroe field to not more than 18,500 barrels daily, to be prorated among the wells in said field on a basis which took into consideration the number of acres on which each well was located; that appellant owned four designated wells, giving their location, in said field; that under said order appellant was at the time authorized to produce only 100 barrels daily from each well; that appellant was in fact producing 3,500 barrels of oil daily from each of two of said wells, and 300 barrels daily from each of the other two; that it had already produced several hundred thousand barrels of oil in excess of its allowable under the commission's orders, and was continuing to produce excess oil; and that such condition constituted an emergency justifying issuance of a temporary injunction without notice, for which it prayed, restraining appellant from violating the commission's order regulating said field. The suit was by the commission by and through the Attorney General, and the injunction granted as prayed for.

The oil company, a corporation, prosecutes this appeal from said temporary injunction, and asks that this court issue the necessary orders superseding said decree of the trial court and prohibiting the appellee from prosecuting said cause in the district court, or applying to the district court for any order therein during the pendency of this appeal, to the end that the status quo may be maintained during the pendency of this appeal.

■ At the outset, it is pertinent to observe that the question of the validity of the particular order of the commission as it relates to the Conroe field is not before us. The power and duty of the Railroad Commission to issue and enforce such orders to conserve the natural resources of the state is provided for and made mandatory by the Constitution and the statutes. Danciger Oil & Ref. Co. v. R. R. Commission (Tex. Civ. App.) 49 S.W.(2d) 837; section 59, art. 16, Constitution of Texas; title 102, R. S. 1925, as variously amended (see Vernon's Ann. Civ. St. art. 6004 et seq.), particularly by chapter 26, p. 46, Acts 1st Called Sess., 42d Leg. (1931); and chapter 2, p. 3, Acts 1931, 4th Called Sess., 42d Leg. (1932). And where the commission has made and promulgated an order, it will be presumed, absent a showing to the contrary, that same was made pursuant to law after notice to all parties concerned and a hearing as provided for by law. See section 5, c. 2, p. 6, Acts 4th Called Sess. 42d Leg., 1932 (Vernon's Ann. Civ. St. art. 6049c, § 7).

■ Appellant first contends that it is the purpose of an ex parte temporary injunction to maintain the status quo of the parties and property involved pending the determination of the suit, and that, since appellee's petition shows that appellants were producing some 7,600 barrels of oil daily from its four wells when and before the injunction was applied for, the effect of the injunction— that is, to restrain it from producing more than 400 barrels from said wells—is to destroy the status quo, and that it is therefore the duty of this court to re-establish that status quo by suspending the order of the trial court. This contention cannot be sustained. This case is not analogous to a controversy between private parties where one threatens to destroy the property claimed by the other pending a hearing of the case. The status with which we are here concerned is that created by the order of the Railroad Commission, not that created by appellant's violation of such order. If the order of the commission be unreasonable, unjust, or confiscatory, or otherwise invalid, as to appellant, or if appellant be dissatisfied with same, the law prescribes its method of relief. Section 8, p. 8, c. 2, Acts 4th Called Sess., 42d Leg., 1932 (Vernon's Ann. Civ. St. art. 6049c, § 8). This act also provides, among other things, that "such laws, rule, regulation or order so complained of shall be deemed prima facie valid until otherwise shown." The law itself also makes it the mandatory duty of all parties affected by such commission orders to comply with the order. And, where any party violates such conservation statute or valid rule or order of the commission, the commission is expressly authorized to bring suit through the Attorney General to restrain such party from violating such order. Section 4, p. 49, c. 26, Acts 1st Called Sess., 42d Leg., 1931 (Vernon's Ann. Civ. St. art. 6049c, § 4).

■ Appellant contends, however, that since section 10, p. 52, c. 26, Acts 1st Called Sess., 42d Leg., 1931 (Vernon's Ann. Civ. St. art. 6049c, § 10), provides that no injunction may issue against the commission to restrain it from enforcing its orders except after notice and hearing, no injunction can therefore issue in favor of the commission against an operator without a like notice and hearing. Otherwise, appellant insists, it would be denied due process and equal protection of the law in violation of State and Federal Constitutions (Const. Tex. art. 1, §§ 3, 19; Const. U. S. Amend. 14), and that the injunction granted by the trial court was therefore void. We are furnished with a copy of an opinion of the Commission of Appeals rendered February 13, 1933 (see 59 S.W.(2d) 364), in a suit between the same parties here involved, in which it was held that an injunction issued by the district court of Montgomery County against the commission without notice or hearing was void, and sustaining the validity of section 10 above referred to.

If this were a suit between private parties, or if only private property rights be-

tween the parties were involved, clearly rights and remedies granted by law to one party but denied to the other would contravene the provisions of the Constitution. Such, however, is not the case here. The issues here involved are the private property rights of appellant on the one hand, and the authority of the state, through its designated agency, to enforce the police powers of the state in conserving in the public interest its natural resources, a duty grounded in the Constitution, and mandatorily imposed by statute upon the Railroad Commission. The cases cited by appellant consequently are not applicable. It is not necessary for the state to grant to a corporation, created only by its permission, or to an individual, with reference to his property rights, the same rights and remedies, as against the sovereignty, which the sovereignty reserves to itself for the protection of the public interest. That is a self-evident proposition. And this applies to a remedy to be pursued as much as to a right to be enjoyed. The Legislature was clearly authorized therefore to deny to an individual injunctive relief against one of the agencies or arms of the government, except after notice and hearing, and at the same time provide that the courts, should the occasion demand, could grant such extraordinary temporary relief without notice.

■■ A careful reading of the various conservation acts clearly discloses, we think, an obvious purpose of the Legislature not only to give the commission authority and power to regulate oil and gas production for purposes of conservation of these resources, but to invest the commission with authority and means to enforce and effectuate that power. Section 10 of the Acts of the 1st Called Session of the 42d Legislature was clearly designed to prevent individuals and corporations, except in the manner expressly provided by law, from interfering with or thwarting the commission's methods of doing so, except after notice and a hearing. And the omission from the statute of such requirements as to notice and hearing when private parties seek to suspend the orders of the commission, when valid on their face, and issued pursuant to law, is significant. It indicates in our opinion a legislative intent that, where facts and circumstances, such as those alleged in this case, require it, the court may in the exercise of judicial discretion issue without notice or hearing such restraining orders as may be necessary to carry out the purposes of the law. That being true, the injunction issued in this case comes clearly within the provisions of subdivision 3 of article 4642, R. S. 1925, and, in the absence of a showing of abuse of discretion of the trial court, his order should be sustained.

The trial court's judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

■■ In addition to the grounds heretofore urged, appellant in its motion for rehearing insists that the injunction granted is void because the appellee gave no injunction bond, and that same is required under article 4649, R. S. Prior to the Revision of 1925, this article of the statute provided: "If the state be complainant in any petition for injunction, no bond shall be required." Rev. St. 1911, art. 4654. This last-quoted provision was omitted from the 1925 revision, and appellant contends that it manifests a clear legislative intent that thereafter the state, like any other litigant, should be required to give bond before such injunction might issue. Generally an injunction issued without bond is void. Ex parte Coward, 110 Tex. 587, 222 S. W. 531; 32 C. J. 312. And it is clear, we think, that, when the Railroad Commission, acting in its official capacity as an arm of the government, or an agency of the state, and by and through the Attorney General, brings such action, it does so on behalf of the state, and to all intents and purposes the state is itself a party to such litigation. See Herring v. Houston Nat. Exch. Bank, 113 Tex. 264, 253 S. W. 813; Stephens v. T. & P. Ry. Co., 100 Tex. 177, 97 S. W. 309.

■ Whatever may have been the purpose of the Legislature in omitting from article 4649, R. S., the provision expressly exempting the state from giving bond in injunction cases generally, we know of no authority empowering the Railroad Commission to execute a bond binding upon the state. Certainly no suit could be brought against the state on such a bond without express legislative consent, were such bond authorized to be made by the commission. We can see no more reason why the commission should indemnify oil operators against loss that might result to them from the enforcement by the commission of its orders in one manner than in another. Certainly the state is not liable for property damage to operators resulting from a proper regulation of them by proration of their oil production. The commission is vested by statute with full power to do this; and the appellant is without recourse against the state, if in doing so in a legal manner it inflicts an injury upon appellant. Such is the inherent power of the state in the exercise of its police power, against which the regulated industry has no recourse. The commission's order in the instant case is presumed to be valid and legal, and we must so treat it until the contrary is shown in the manner provided by the statute. If the state is not liable for injuries resulting to appellant from the enforcement of such order, why should the state be required to give bond to protect appellant in the steps which the Railroad Commission is authorized by law to use to effec-

tuate such enforcement? We can see no logical reason why it should.

Section 4, p. 51, 1st Called Sess., 42d Legislature, 1931 (Vernon's Ann. Civ. St. art. 6049c, § 4) was obviously and expressly intended to give to the commission an effective method for enforcing its orders. The same construction placed by us on these statutes in our original opinion with reference to giving notice before granting an injunction would, we think, apply with equal cogency to the giving of a bond. The fact that the Legislature provided that no injunction should issue against the commission at the instance of an oil operator, without first giving notice and making bond, and at the same time provided that an injunction might issue at the instance of the commission against an offending operator without requiring of the state either notice or bond, necessarily implies, we think, that such bond was not required.

An additional reason exists why appellant's contention cannot be sustained. If the Railroad Commission or the Attorney General has no power to give a bond binding on the state, and such injunction cannot issue without it, that provision of the statute becomes a nullity. The act should be so construed, if same can reasonably be done, as to sustain its validity. The interpretation so placed upon it by us gives it vitality. That contended for by appellant nullifies it. And, where susceptible of a reasonable implication which would sustain its validity, it is our duty to so construe it.

The other contentions made by appellant in its motion were considered by us in our original opinion, and further discussion of them here pretermitted. The motion is therefore overruled.

Overruled.