## HUMBLE OIL & REFINING CO. v. RAILROAD COMMISSION OF TEXAS et al.
### No. 8253.

Court of Civil Appeals of Texas. Austin.
March 6, 1935.

Rehearing Denied June 13, 1935.

Rex G. Baker and R. E. Seagler, both of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

R. G. Storey, of Dallas, for appellees R. H. Dearing & Sons, Myer A. Rabinowitz, and R. G. Storey.

BLAIR, Justice.

Suit by appellant, Humble Oil & Refining Company, in the nature of an appeal from an order of the Railroad Commission granting appellees, R. H. Dearing & Sons, Meyer A. Rabinowitz, and R. G. Storey, permits to drill wells Nos. 5, 6, and 7 on their certain tract of land containing about 78 acres. A general demurrer was sustained to appellant's petition, and upon its refusal to amend the suit was dismissed; hence this appeal.

While the petition contained many general allegations of fact and conclusions of the pleader, we are of the opinion that the trial court erred in sustaining the general demurrer. In substance, it alleged that the order granting the permits to drill the wells was unreasonable, arbitrary, unjust, and discriminatory, because each well was in conflict with the spacing provisions of rule 37 of the commission; that each well could have been drilled on locations on the 78-acre tract not in violation of rule 37; that the 78 acres was fully protected by wells already granted and producing; that not only were the wells not needed to prevent waste, but the drilling of them would cause waste, in that the drilling of the three wells in the particular area would result in dissipating the reservoir pressure, that is, the water and gas pressure, and would unnecessarily concentrate wells in too close a proximity, thus causing coning and channeling, and the encroachment of water; and in causing all wells to go on the pump sooner; and in causing premature abandonment of the wells, leaving large quantities of oil and gas in the channels caused by density of drilling. That there was no evidence before the commission on the hearing of the permits which would justify the granting thereof, and that the evidence showed that the drilling of the wells would as a matter of law cause waste within the meaning of that term as used in the rule. That great quantities of oil would be left in place in the sands, which oil could otherwise have been recovered but for the close grouping of producing wells; and that the close grouping of such wells would create an unnecessary fire hazard.

Rule 37 and the statutes applicable, article 6014, and particularly article 6029 (Vernon's Ann. Civ. St.), require the commission to ascertain the aforementioned facts before it grants a permit to drill a well as an exception to rule 37; and its order granting the permits in question without ascertaining such facts would be deemed to be unjust and unreasonable, or arbitrary in law. Such is the holding of this court in Rabbit Creek Oil Co. v. Shell Petroleum Corporation, 66 S.W.(2d) 737; and Railroad Comm. v. Bass, 10 S.

W.(2d) 586. Of course, if on the trial it is shown that the Railroad Commission based its order upon substantial evidence with regard to waste and fire hazard, and came to the conclusion, taking into consideration the area and outline of appellees' land, its general location and the location of its parts to the proven field; and the relative distance to common property lines of appellees'. authorized wells and those authorized on adjoining tracts, that appellees would by the drilling of the three wells in question have an equal opportunity with the adjoining leaseholders of developing and realizing from their leasehold, then the commission's order granting the permits should be sustained. But these were questions of fact, which should have been determined on the trial; and the general demurrer to the petition was erroneously sustained.

Judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.