## FALVEY v. SIMMS OIL CO. et al.

### No. 8452.

Court of Civil Appeals of Texas. Austin.

Feb. 12, 1936.

Rehearing Denied March 11, 1936.

Bailey Shepperd, of Longview, Felts, Wheeler & Wheeler, of Austin, and Saye & Saye, of Longview, for appellant.

J. C. Wilhoit and D. D. Ford, both of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellees Simms Oil Co. and Stanolind Oil & Gas Co.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., amici curiæ.

BLAIR, Justice.

This is a rule 37 case, which arose as follows: Betty Doby and others owned jointly a 104-acre tract of land in Upshur county, and in January, 1931, leased it to Frank Foster for oil and gas development. In February, 1931, Foster assigned the north 20 acres of the 104-acre tract to one Olvey, who immediately assigned same to appellant J. C. Falvey. About the same time Foster assigned the east 41 acres of the 104-acre tract to the Magnolia Petroleum Company and the west 43 acres to Shano Oil Company. The land was in the East Texas oil field, and at the time of this sub-

division rule 37 required that wells be spaced 300 feet apart and 150 feet from property lines. From time to time appellant obtained permits and drilled four producing wells on his 20 acres. Likewise, the Magnolia Company obtained permits and drilled twelve producing wells on its 41 acres; and the Shano Company drilled eleven producing wells on its 43 acres. On May 15, 1935, after rule 37 had been amended to require that wells be spaced 660 feet apart, and 330 feet from property lines, appellant applied for and obtained a permit to drill well No. 5 on his 20 acres; the permit being granted as an exception to rule 37, "to prevent confiscation of property." A plat showing all of the aforementioned wells and all producing wells drilled on adjacent tracts is as follows:

Appellees, Simms Oil Company and Stanolind Oil Company, the owners of the land lying immediately north of the Falvey 20 acres, as shown on the plat, brought this suit to set aside the permit and to temporarily and on final hearing permanently restrain appellant from drilling and producing oil from said well No. 5, alleging that the order granting the permit was invalid, arbitrary, and unjust, for the following reasons:

1. Because there was no evidence introduced by appellant at the hearing before the commission for the permit.

2. Because the undisputed evidence at the hearing before the commission, and at the trial on appeal before the court, established that said well No. 5 was not necessary to prevent confiscation of the property of appellant, but that to the contrary the 20-acre

tract had a drainage advantage over the surrounding leases from the standpoint of opportunity to produce oil, and that the slight disadvantage of the tract to drainage on the south was more than compensated by the advantage it had over other surrounding leases in all other directions.

3. Because the drilling of such well would cause waste.

Upon a hearing, a temporary injunction was granted restraining appellant from drilling or producing oil from said well No. 5 pending the final hearing of this case; hence this appeal by appellant.

■■ The above plat is substantially the same as the one attached to appellant's application for the permit to drill said well No. 5. The application was sworn to and stated the facts with regard to the conditions, locations, and existence of all wells on the 20-acre tract, as well as on all surrounding tracts. At the hearing before the commission, appellant testified that he was asking for said well No. 5 as an equidistant offset to the Shano well No. 11, which was 210 feet south of appellant's south line as shown on the plat. Appellees appeared and contested the application for the permit to drill said well No. 5, and introduced in evidence a density map and statement in connection with it showing the density of wells on surrounding tracts covering an area approximately eight times the size of the 104-acre Doby tract. This same evidence was introduced on the trial in the court below, and two expert witnesses testified, one for appellant and one for appellees. When their testimony is construed in connection with the above plat, the undisputed evidence showed that Shano well No. 11 substantially drained the oil from the south portion of appellant's 20-acre tract. The undisputed evidence showed that appellees' four wells immediately north of the 20-acre tract are nearer to appellant's north line than appellant's wells on the 20-acre tract are, and therefore appellees' four wells have a drainage advantage over the wells of appellant on the 20-acre tract. The Magnolia equidistant offset wells to the southwest on the 41-acre tract are on a parity with appellant's two west wells. Appellant has no advantage over any well either to the east or west end of his 20-acre tract. And as above pointed out, the Shano Oil Company's three wells to the southeast, which include well No. 11, have a great drainage advantage over that portion of appellant's 20-acre tract immediately north of them. To correct this unequal drainage, or unequal opportunity to produce oil, and commission granted appellant his said well No. 5. The record shows that throughout the operations the parties have drilled their various properties under the equidistant offset theory. The right to drill a well as an exception to rule 37 to prevent confiscation of property is established where there exists any substantial inequality or disparity between the opportunity to produce on the land of the one applying for the well and the surrounding properties. Consequently, since the undisputed evidence shows a substantial inequality or disparity between the opportunity of appellant to produce the oil from under his 20-acre tract and that of the Shano lease to the south, the commission had the authority to grant the permit to drill the well as an exception to rule 37. Humble Oil & Refining Co. v. Railroad Commission (Tex.Civ.App.) 83 S. W.(2d) 695; Brown v. Humble Oil & Refining Co. (Tex.Sup.) 87 S.W.(2d) 1069; Rabbit Creek Oil Co. v. Shell Petroleum Corporation (Tex.Civ.App.) 66 S.W.(2d) 737; Sun Oil Co. v. Gillespie (Tex.Civ. App.) 85 S.W.(2d) 652; Atlantic Oil Production Co. v. Railroad Commission (Tex. Civ.App.) 85 S.W.(2d) 655.

■ The commission found in its order that the drilling of this well as an exception to the rule would not constitute waste. Both of the expert witnesses testified that under the equidistant offset theory said well No. 5 was necessary to prevent substantial drainage of the 20-acre tract by the Shano No. 11 well; that the granting of said well No. 5 on the 20-acre tract did not give it an advantage over the surrounding tracts under the density of wells theory; and that the granting of said well No. 5 would not cause waste under the density of wells theory; but that even a greater density of wells in the area would result ultimately in the recovery of a greater amount of oil from the area. This testimony is in exact accord with the findings of fact by the commission in its proration order of August 26, 1935, which related in part to the area in controversy and to the wells involved in the area in question; and which order recited that "we find from the evidence the more wells that are drilled the greater will be the ultimate recovery of oil and gas from any given pool." It is true that the trial court erroneously refused to admit this order of the commission in evidence, but it is before us by bill of exception, and manifestly its recitations of facts as to waste are

material to this suit. It deals directly with the subject-matter of this suit, and the commission should and does take cognizance of all of its rules and regulations in making an order dealing with the subject-matter to which they relate. Obviously, the proration and spacing rules of the commission are in pari materia, and should be construed together in determining whether an order refusing or granting a permit to drill an oil well as an exception to rule 37 is unreasonable, arbitrary, or capricious. It is the peculiar function of the commission to determine from the facts and its rules and regulations whether a permit should be granted to drill an oil well as an exception to rule 37, in order to prevent confiscation of property; and where, as in the instant case, the undisputed evidence shows substantial inequality or disparity between the opportunity of the one applying for an exception and the adjacent owners of lands to produce oil, the commission is authorized to grant the exception to prevent confiscation of property, and it is not within the province of the court to set aside the order granting such exception. This is in accord with the often-repeated rule that any order of the commission as to any matter within its jurisdiction shall be accepted under statutory provision as prima facie evidence of its validity. This means that when the order is challenged, the court will presume it to be valid and will sustain it, unless the evidence clearly shows it to be unreasonable and unjust. The mere fact that the order in question may be unwise will not warrant a court in striking it down, so long as it is based on any substantial evidence. Danciger Oil & Refining Co. v. Railroad Commission (Tex. Civ.App.) 49 S.W.(2d) 837; Alpha Petroleum Co. v. Railroad Commission (Tex. Civ.App.) 59 S.W.(2d) 374; Railroad Commission v. Bass (Tex.Civ.App.) 10 S.W.(2d) 586; article 6042, R.S.1925.

Appellant contends, however, that if the 104-acre Doby tract had not been subdivided in 1931 into the 20-acre, 41-acre, and the 43-acre tracts, but had been developed as a whole, the 104 acres would not have been entitled to as many wells as it now has upon it, and that the rule against subdivision of property applies in the instant case. The undisputed evidence shows that the subdivision was regularly made and that the properties have been developed in accordance with that subdivision, and that both appellant and appellees and all adjoining property owners have developed their respective

tracts of land in accordance with this subdivision. It is therefore apparent that the attack upon the subdivision is a collateral attack, and amounts to a collateral attack upon the drilling of each well in the entire area. The rule is too well settled to require discussion that the orders, rules, and regulations of the commission are not subject to collateral attack and must be attacked in a direct proceeding brought for the purpose of determining the validity of each particular act. Railroad Commission v. Marathon Oil Co., 89 S.W.(2d) 517, decided by this court, and the cases there cited.

From our above conclusion, the trial court erred in granting the temporary injunction, and its judgment is reversed and the temporary injunction is dissolved.

Reversed, and temporary injunction dissolved.

McCLENDON, Chief Justice, and BAUGH, Justice (concurring).

We concur in the decision of this case as pronounced in Justice BLAIR'S able and well-considered opinion. The evidence shows clearly that the well in question is essential to give appellant a fair opportunity to obtain his share of the oil; thus presenting a clear case of right to an exception to rule 37 in order to protect appellant's vested right to such fair opportunity. This is wholly independent of the commission order of August 26, 1935, our views concerning which, as related to rule 37, are expressed in the cited Marathon Oil Company Case.