**ORTIZ OIL CO. et al. v. DEEP ROCK OIL CORPORATION et al.**

**No. 8611.**

Court of Civil Appeals of Texas. Austin.

May 26, 1937.

Rehearing Denied Jan. 19, 1938.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellant Railroad Commission of Texas.

Joe Wheeler, of Austin, J. E. Hall, of Wichita Falls and John Davenport, of Wichita Falls, for appellant Ortiz Oil Co.

W. H. Francis and Walace Hawkins, both of Dallas, and Greenwood, Moody & Robertson, of Austin, for appellees.

BLAIR, Justice.

This is a Rule 37 case. The proceeding arose as an appeal by appellees, Deep Rock Oil Corporation and Magnolia Petroleum Company, seeking to cancel a permit issued by the appellant Railroad Commission authorizing appellant Ortiz Oil Company to drill well No. 10 on its 16.12-acre tract of land in the East Texas Oil Field, and to plug the well if it had been drilled. The petition contained the usual allegations of waste caused by density of drilling; that the 16.12-acre tract with nine wells was already drilled to a greater density than the average of land surrounding it, containing an area eight times the size of the 16.12-acre tract; that the said tract was not suffering any drainage or confiscation of oil, but that the nine wells drilled would produce more than the equivalent of all the recoverable oil under the tract; that the drilling of the tenth well was not necessary to prevent confiscation or drainage of oil, nor to prevent waste thereof; that all of these facts were shown on the hearing before the commission; and that therefore its order granting the permit to drill said tenth well was arbitrary, unjust, and unreasonable, and should be vacated, and the well, if drilled, should be plugged. Appellant Ortiz Oil Company answered by a general denial and a special plea in the nature of an estoppel of appellees, because of delay in filing this proceeding until after the well had been drilled or was being drilled. The appellant Railroad Commission filed a general demurrer and several special exceptions, which were overruled. A trial to the court without a jury resulted in judgment vacating the order granting the permit, and enjoining the operation of the well; but the court refused to order the well plugged, and provided in its judgment as follows: "This judgment is without prejudice to any right of the defendant Ortiz Oil Company to apply for a new permit to operate said well number 10 and without prejudice to any right of the Railroad Commission to grant a new permit to operate said well number 10 when, if ever, conditions have so materially changed as to authorize the

granting of an exception to Rule 37 in this location."

 The statement of facts contains 697 pages and numerous plats and maps showing the condition as to density of wells drilled near the tract in question and adjacent thereto, and the entire East Texas Oil Field. The facts show that all wells on the adjacent tracts to appellees' are drilled as exceptions to the minimum spacing distances provided by Rule 37. That substantially immediate offset wells surrounded the 16.12-acre tract. That with reference to the southern portion of the 16.12-acre tract where the well in controversy is authorized, both appellee Deep Rock Company and appellee Magnolia have a decided advantage; that is, about a three to one well advantage, which the well in question would correct. To equalize this condition, the commission was authorized to grant the permit. It is true appellees contend that appellant is compensated by wells drilled on other portions of its lease, which give it a slight drainage advantage over other adjacent leases; but such matter was for the commission and not the courts under the evidence. In short, the evidence showed some slight advantage in favor of appellant; but nothing comparable with the admitted disadvantage it had at the point the well was granted. In other words, the evidence is conflicting on the issue of whether appellant is compensated by wells giving it slight advantage over other leases for the admitted disadvantage it was suffering at the point where the well in question was granted. The issue was, therefore, for the commission to determine. The fact that the average density on the surrounding acreage is one well to 3.28 acres and the density on the 16.12-acre tract is one well to 1.64 acres is not material. The entire record simply shows that all parties in the particular area have drilled their wells under special exceptions. Appellees neither alleged nor proved that they had been prevented from drilling sufficient wells to develop their tract on the average acreage density with the Ortiz tract in suit. Appellees, therefore, failed to in any manner overcome the presumption of validity accorded an order of the commission authorizing the drilling of an oil well at a particular point.

 These facts bring the instant case clearly within the often-repeated rule reannounced in the case of Falvey v. Simms Oil Co., Tex.Civ.App., 92 S.W.2d 292, 296, as follows:

"It is the peculiar function of the commission to determine from the facts and its rules and regulations whether a permit should be granted to drill an oil well as an exception to rule 37, in order to prevent confiscation of property [or to prevent waste]. * * *

"This is in accord with the often-repeated rule that any order of the commission as to any matter within its jurisdiction shall be accepted under statutory provision as prima facie evidence of its validity. This means that when the order is challenged, the court will presume it to be valid and will sustain it, unless the evidence clearly shows it to be unreasonable and unjust. The mere fact that the order in question may be unwise will not warrant a court in striking it down, so long at it is based on any substantial evidence."

The judgment canceling the permit in question is reversed; the permit is declared to be valid; the injunction granted is in all things dissolved; and the injunctive relief prayed for is denied.

Reversed and rendered and injunction dissolved.