Fe" Railroad at Farmersville, Texas, and has been such for 21 years, and that his salary is $248 per month.

We do not think the litigant is a pauper and are of opinion that he cannot take advantage of any statute enuring to the benefit of a pauper.

The motion is overruled.

## LINDEN LUMBER CO. v. JOHNSTON.
### Nos. 13880, 13939.

Court of Civil Appeals of Texas.
Fort Worth.

April 5, 1940.

Newland, Cornett & Whitworth, of Linden, and Mayo W. Neyland, of Greenville, for appellant.

Herbert Marshall, of Dallas, for appellee.

BROWN, Justice.

This appellee has filed a motion before us in general statutory language, saying that he is a pauper and unable to pay the costs or any part thereof, or to give security therefor.

The motion is contested and our attention called to the sworn testimony of this litigant, on the trial of the cause, in which he testified that he is agent for the "Sante

## WARD OIL CORPORATION v. OVERTON REFINING CO. et al.
### No. 9002.

Court of Civil Appeals of Texas. Austin.

April 10, 1940.

Rehearing Denied May 1, 1940.

L. L. James, of Tyler, for appellant.

A. A. Garrett, of Tyler, and Wheeler & Wheeler, of Austin, for appellee Overton Refining Co.

Gerald C. Mann, Atty. Gen., and Edgar W. Cale, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

BAUGH, Justice.

This is a Rule 37 case, and a second appeal from the judgment of the trial court involving the same permit. The first appeal is reported in 131 S.W.2d 700, wherein we reversed and remanded the case on the ground that the evidence on the former trial negatived any confiscation of appellees' property, the only ground upon which the permit involved was sought.

Irrespective of the proof made upon the first trial, and whether our former decision is res adjudicata of the issues here presented, a statement of the uncontroverted facts, under now settled holdings, is sufficient to conclusively dispose of the permit in question.

The application for the permit for a second well on the tract in question showed it to contain .28 of an acre. A survey on the ground made by a licensed surveyor from established corners and the field notes of surrounding tracts, showed it to contain only ⅟₁₅ of an acre. This tract was located in the fairway of the East Texas field where the underground conditions in the oil producing strata, well potentials, and daily allowables were substantially uniform. Based upon factual information as to this area taken from well logs and other required reports, on file with the Railroad Commission, R. D. Parker, a qualified petroleum engineer, and for seven years oil and gas supervisor for the Railroad Commission, testified that the total estimated oil originally in place beneath this tract was 16,700 barrels for .28 of an acre, or 4,280 barrels for ⅟₁₅ of an acre. The one well already on the tract had been producing since 1932, and up to April 1, 1938, had already extracted approximately 53,000 barrels of oil therefrom. It is not controverted that the tract in question, with one well thereon, was, at the time the permit involved was granted, drilled to a greater density than any of the surrounding tracts; and that it was then, and long had been, extracting more oil per acre per day than any other tract in its vicinity.

It is now settled by numerous decisions that on the issue of confiscation the test is whether the applicant for an additional well, as an exception to Rule 37, has been given a fair and equal opportunity with other producers on surrounding tracts within the drainage area to recover his fair share of the oil in place beneath his tract. If he has, no confiscation results. Edgar v. Stanolind Oil & Gas Co., Tex.Civ.App., 90 S.W.2d 656, writ refused.

On a tract as small as that here involved, its exact configuration or the correct delineation of its boundaries, is of little importance. From the above statement of the facts it conclusively appears not only that the well in question was not needed to prevent confiscation of Overton Refining Company's property; but that it would, unless several additional wells in the immediate area were drilled, result in confiscation by the Overton Refining Company of its neighbors' property. And confiscation was the only ground presented to the Railroad Commission as a reason for such permit.

The case was tried to a jury. At the close of plaintiff's evidence, each of the defendants filed motions for an instructed verdict. These motions were by the court overruled. Thereupon the defendants declined to offer any evidence. We must presume, therefore, that they had nothing further to offer. Thereafter the court upon its own motion directed a verdict for the defendants and entered judgment accordingly.

We have not undertaken to discuss severally the contentions made by appellant; nor those made in reply or by cross assignment by appellees; nor to cite or review the cases decided by this court and by the Supreme Court upon the issues presented. Suffice to say that the matters discussed are now well settled in adjudicated cases.

It follows from our determination upon the former appeal, and the facts shown in this record now before us, that the permit attacked was arbitrarily granted. It is therefore set aside and held for naught; and the cause is reversed and remanded to the trial court, with instructions to grant to appellant the injunctive relief prayed for by it.

Reversed and remanded, with instructions.