**REYNOLDS et al. v. WARD OIL CORPORATION et al.**

No. 3920.

Court of Civil Appeals of Texas. Beaumont.

Nov. 13, 1941.

Rehearing Denied Dec. 17, 1941.

458

Lee & Porter, of Longview, Mayfield, Lee & Lantz, of Tyler, Gerald C. Mann, Atty. Gen., and Edgar W. Cale, Asst. Atty. Gen., for appellant.

L. L. James, of Tyler, for appellees.

WALKER, Chief Justice.

This is a Rule 37 case; see Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, for a statement of the rule. "To prevent Confiscation of property," on the 26th day of April, 1938, the Railroad Commission granted to appellant, Roy A. Reynolds, a permit to drill a third well on the E. S. Trash one-acre tract, F. Cordova Survey, Rusk county, the well to be located 40 feet south of the north line, and 30 feet east of the west line, of the one-acre tract. On the 25th day of May, 1938, appellee, Ward Oil Corporation, holding an oil and gas lease on a 200-acre tract of land lying north and east of appellant's tract, having appeared before the Railroad Commission and contested the granting of the permit to appellant, filed this suit in the district court of Travis county to cancel appellant's permit, and to enjoin him from producing oil from the well authorized by the permit. The Railroad Commission and Roy A. Reynolds were the only parties named as defendants. With the permission of the court, F. W. Merrick, Inc., intervened on the 16th day of January, 1941, alleging that it was the owner of the Ward Oil Company lease, as described in its petition. On that day appellant answered by a plea in abatement, on the ground of nonjoinder of necessary parties, and by general and special demurrers, and by general denial; the Commission answered by general demurrer and general denial. The trial was to the court without a jury, and from the judgment overruling his plea in abatement and demurrers, cancelling and annulling his permit, and granting appellee the injunctive relief prayed for, appellant duly prosecuted his appeal to the Austin Court of Civil Appeals; the case is on our docket by order of transfer by the Supreme Court. In support of its judgment, the lower court filed conclusions of fact and law. The Railroad Commission did not perfect its appeal.

■ Appellant's first four propositions present the point that the court erred in overruling his plea in abatement. In support of this point, he makes the following statement: "This appellant, hereinafter referred to as Reynolds, was the owner of an oil and gas lease and leasehold estate, subject to an overriding interest of E. D. Lee and Afton Thrash, individually and as guardian of the Estate of Ronald Afton Thrash, a minor, covering what was known as the Thrash 1-acre tract in the Francisco Cordova Survey, Rusk County, Texas. By separate instruments dated November 20, 1937, Reynolds conveyed his interest in Equal Royalty Company, Royalty Holding Company and Farmers Mutual Royalty Syndicate, Inc. Reynolds continued as managing representative of said lease for said parties, and on or about April 8, 1938 (there being two wells then on said tract) made application to the Railroad Commission of Texas for a permit to drill Wells Nos. 3 and 4. After notice on April 16, 1938, a hearing was had before an Examiner for said Commission on April 28, 1938, at which Ward Oil Corporation, the then owner of an adjoining lease on the north, appeared and protested. After hearing, the application for the No. 3 Well was withdrawn, and on the same date, to-wit, April 28, 1938, a permit was granted to Reynolds to drill Well. No. 4 (same being the third well on said tract) at a distance of 40 feet South of the North line and 30 feet East of the West line. * * * At the time the permit was granted Reynolds was the managing operator for the then owners of the oil and gas lease and leasehold estate, Equal Royalty Company, Royalty Holding Company and Farmers Mutual Royalty Syndicate, Inc. The interest of Farmers Mutual Royalty Syndicate, Inc., passed to A. S. Genecov and thereafter he assigned an interest to the Roosths, individually and as trustee. None of the oil and gas lease and leasehold owners were made parties to this proceeding." The court did not err in overruling the plea in abatement. The permit was applied for by, and granted to, appellant at a time when all the parties, whom he now asserts were necessary parties, owned their interest in the lease. In appealing from the order granting the permit,

459

appellee named as defendants only the Railroad Commission and appellant, who appeared and answered the petition. On the facts, stated, the law as announced by the following authorities is clearly to the effect that appellant and the Railroad Commission were the only necessary parties to the suit to cancel the permit. Sec. 8, Art. 6049c, Vernon's Ann.Civ.St.; Magnolia Petroleum Co. v. Edgar, Tex.Civ.App., 62 S.W.2d 359; Shell Oil Co. v. Railroad Commission, Tex.Civ.App., 133 S.W.2d 791. The fact that appellee prayed for injunctive relief against appellant, enjoining the drilling of the well and the production of oil therefrom, did not make the other parties named in the plea in abatement necessary parties to the suit. 28 Texas Jurisprudence 309; 28 Jurisprudence 321; 28 Am.Jur. 505.

■ Appellee's petition was not subject to the general demurrer for failure to "allege that it had applied for and had been denied other permits so as to develop its tract on the average acreage density with the tract involved." Appellant was granted this permit as an exception to Rule 37. The rule did not put appellee under the burden, in order to cancel this permit, of showing that it also had asked for a permit as an exception to the rule, and that its request had been refused. As we construe Ortiz Oil Co. v. Deep Rock Oil Corp., Tex. Civ.App., 112 S.W.2d 210 and Stanolind Oil & Gas Co. v. Ambrose, 5 Cir., 118 F.2d 847, cited by appellant, they do not support his proposition.

■■ Appellant's third point is that the finding of the Commission granting the permit has substantial support in the evidence, and was therefore binding on the trial court and on this court. The law is that the courts cannot substitute their judgment for that of the Railroad Commission; where the finding of the Commission has reasonable support in the evidence, it cannot be disturbed but must be affirmed by the courts. Gulf Land Co. v. Atlantic Refining Co., supra. But where the order of the Commission is without reasonable support in the evidence, it is void. Stanolind Oil & Gas. Co. v. Midas Oil Co., Tex. Civ.App., 123 S.W.2d 911. The permit in issue was wholly without support in the evidence. At the time it was granted, appellant's one-acre tract had produced more than three times the amount of oil originally in place under it. It had produced 14 times as much per acre as appellee's tract, which adjoins it on two sides, and 16½ times as much per acre as the Stanolind tract, and other adjoining tracts. At the time the permit was granted, appellant's one-acre tract was producing 8.8 times as much oil per acre as appellee's tract. The following testimony was before the Commission:

"Mr. Smart: * * * As to the No. 4 we are applying for, it is as a direct and equidistant offset to the Overton Refining Company No. 2 in the northwest corner of the lease. The locations are shown as applied for and set out in the application. I would like to call attention to the fact that this lease is a one acre lease and the density surrounding it—for instance the Overton Refining Company immediately to the west on the J. L. Maxwell has two wells on .43 of an acre—

"Mr. Hunter: Mr. Examiner, we object to that because well No. 2 is shut in and denied by the Railroad Commission. It isn't producing, and the two Stanolind locations shown are not applied for and not drilled.

"Mr. Smart: Immediately to the west A. Carey Jones has a well on .14 of an acre, and Sanford has two wells on .43 of an acre. The Overton Refining Company adjoining us on the west has two wells on .25 of an acre less the road right of way.

"Mr. Hunter: I think they claim .28.

"Mr. Smart: That includes the right-of-way. So with the density surrounding this particular lease, this will not be out of proportion. The main basis we are applying for both wells on is as direct and equidistant offsets to wells now drilled and producing. I might point out that the drilling of these two wells when granted will not cause—probably will cause no offsets whatever."

The well on the Overton Refining Company-Leadell Pool tract, to which the well in question was applied for as a direct and equidistant offset, was cancelled by a judgment of the Court of Civil Appeals, which became final and effective October 4, 1940. One of the wells on the Overton Refining Company—J. L. Maxwell .43-acre tract had been cancelled and was not producing. Two of the Stanolind locations shown, No. 33 and No. 34, were not applied for and not drilled. It is our conclusion that a reasonable construction of the evidence did not raise the issue of confiscation.

**460**

We overrule appellant's contention that appellee had "an adequate remedy at law," advanced on the theory that, "if the well in issue should give appellant an undue share of the oil under the eight times area, then appellee could, at any time in the future, as a matter of right and without grace," ask for and secure relief from the Commission. This theory of the law would nullify Rule 37.

The evidence offered had reasonable support in the pleadings. The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.