OVERTON REFINING CO. et al. v. F. W.
MERRICK, Inc.

No. 9264.

Court of Civil Appeals of Texas. Austin.
April 22, 1942.

Rehearings Overruled May 13, 1942.

A. A. Garrett, of Tyler, and Wheeler &
Wheeler, of Austin, for appellant Overton Refining Co.

Gerald C. Mann, Atty. Gen., and Edgar
W. Cale and James D. Smullen, Asst. Attys.
Gen., for appellant Railroad Commission
of Texas.

L. L. James, of Tyler, for appellee.

BAUGH, Justice.

This is a Rule 37 case. It is the third
time this same well and same tract of land,
has been before this court for review.
Originally we held that the well was not
authorized as an exception to the rule
either to prevent confiscation or to prevent
waste. While the motion for rehearing on
the first appeal was pending, the Supreme
Court announced its decision in Gulf Land
Company v. Atlantic Refining Company,
134 Tex. 59, 131 S.W.2d 73, and we then
confined our decision to the issue of confiscation only. See Ward Oil Corporation
v. Overton Refining Company, Tex.Civ.
App., 131 S.W.2d 700.

Upon a retrial of said case after a remand thereof the trial court again sustained the permit. On the second appeal
we expressly held the permit void, and the
issue of confiscation was finally adjudicated, absent changed conditions. Thereafter the Commission again granted said
permit (the well having already been
drilled, it was but a permit to operate it)
on the recited grounds to prevent confiscation and to prevent waste. The ground on
which it was applied for was as an offset to
well No. 4 on the Reynolds adjoining tract
on the east, which well was then under
attack in a pending suit, and was thereafter finally set aside by the District Court.
See Reynolds v. Ward Oil Corporation,
Tex.Civ.App., 157 S.W.2d 457. Consequently, not only has the issue of confiscation been definitely adjudicated, but the
record here presented shows that if said
tract contained .29 of an acre instead of
1/15th of an acre as was shown in a former
trial (see Ward Oil Corp. v. Overton Ref.
Co., Tex.Civ.App., 139 S.W.2d 292, 293),
the one well thereon which had been producing for several years had already extracted many times as much oil as the
maximum amount of oil originally in place
beneath it as estimated by expert engineers.

On the issue of waste applicant's
own witness testified before the examiner
for the Commission that, though in his
opinion the "more wells more oil" theory
was correct, no waste under the then existing conditions was occurring on this tract
without the well here involved. In this general area, near the town of London, excessive drilling had occurred, and had already
caused premature encroachment of water,
and "channeling and by-passing." See 131
S.W.2d 700, 701. The underground conditions common to the field generally were
substantially uniform in this area except
those created by denser drilling than prevailed in the field generally. If, therefore,
any efficacy be attributed to the fact findings of the Commission on which the
spacings provided in Rule 37 are predicated,—that is, that lack of uniformity in
the drilling pattern, and denser drilling in

a given area than obtains in the surrounding areas creates a low pressure therein causing premature encroachment of water upon such more densely drilled area, thus causing waste,—then it must follow that increasing such density by drilling still more wells in such overdrilled area cannot as a matter of law prevent waste. A fire cannot be extinguished by adding more of the same fuel on which it feeds. Waste caused by over density of drilling manifestly will not be prevented by increasing that density still more.

In view of the numerous cases involving this issue, not necessary to cite here, and the fact findings of the Commission on which Rule 37 is based, it would, we think, be a reductio ad absurdum to hold, under the uncontroverted facts shown, that it is necessary to drill two wells on 1/15 of an acre of land in order to prevent waste.

The error of the trial court, conceding it to be error, in confining the evidence upon the trial to the matters presented to the Commission, is harmless, where as here, such evidence before the Commission and the documentary evidence presented to the trial court taken in connection with matters finally adjudicated on former appeals involving the same subject matter, show as a matter of law that the permit is invalid. And clearly we think it so shows. The judgment of the trial court is therefore affirmed.

Affirmed.

BLAIR, J., concurs in the judgment.