## WALSH et al. v. UNIVERSITY OF TEXAS et al.
### No. 4209.

Court of Civil Appeals of Texas. El Paso.
June 18, 1942.

Rehearing Denied September 10, 1942.

Emmett Shelton, of Austin, for appellants.

Gerald C. Mann, Atty. Gen., and Scott Gaines, Ocie Speer, Geo. W. Barcus, and Jas. L. Noel, Jr., Asst. Attys. Gen., for appellees.

SUTTON, Justice.

This is an appeal from the 98th District Court of Travis County. Edward J. Walsh and other individuals were plaintiffs below and the University of Texas and its Board of Regents were the defendants. The parties will be described here as there.

The action was the statutory action of trespass to try title. The trial court dismissed the suit on the theory the suit is against the State without legislative consent, or that the State is a necessary party absent. From that judgment the plaintiffs have appealed.

The plaintiffs complain "of the University of Texas and the Board of Regents of the University of Texas." They allege: "That the University of Texas is a state college and a body politic, of which Homer P. Rainey is President. That the Board of Regents of the University of Texas is a board created by law for the purpose of administering the affairs of the University of Texas and is in itself a body politic * * *." They pray, "that the plaintiffs have judgment for the title and possession of the above described premises, for their damages, and for other and further relief, etc."

The land sought to be recovered is two tracts described by metes and bounds situated in Travis County. The damages are for four months rental in the aggregate of $600.00.

The University and the Board of Regents are institutions of the State, and neither has any existence independent of the State. The petition makes perfectly clear there is no effort to sue the named defendants as individuals. Property belonging to the University of Texas is the property of the State. York v. Alley, Tex. Civ.App., 25 S.W.2d 193, writ refused. Consequently if the plaintiffs recover the title they pray to recover the recovery is against the State. Likewise the damages which plaintiffs seek to recover are not damages against the parties named as defendants but against the State. The damages, if any, were incurred by these agencies named acting for the State. In the case of Herring v. Houston National Exch. Bank, 113 Tex. 264, 253 S.W. 813, in a suit upon notes executed by the Prison Commissioners for the benefit of the State, the Supreme Court held that to be a suit against the State. The judgment here is not sought against the President of the University and the President of the Board of Regents individually, but against the defendants named, agencies and representatives of the State as such.

Since the property of the University of Texas is the property of the State, a judgment against any party other than the State would be an empty, useless thing. As said in the case of Stanley v. Schwalby, 85 Tex. 348, 19 S.W. 264, at page 265, last column, the court has the power to examine into and determine the title of the government for the purpose of determining

the rights of the parties properly before the court but no judgment may be rendered affecting the title or rights of the government unless properly made a defendant in the case.

Of course, no officer of the State can commit a wrong in the name of the State and avoid personal liability, neither can a party recover a judgment affecting the rights, title and property of the State in a suit brought against its officers and in which it is not properly made a party. Stanley v. Schwalby, supra; Imperial Sugar Co. v. Cabell, Tex.Civ.App., 179 S.W. 83.

Plaintiffs say the plea in abatement has been waived by permitting the same to be passed from term to term. The question here is one of jurisdiction. In our opinion it is clear the suit is one against the State and all the relief sought is against the State without an allegation and showing of consent and, therefore, the court without jurisdiction to hear it.

The judgment of the trial court is affirmed.

WALTHALL, J., not participating.