Abraham Nee NTREH, Appellant,

v.

THE UNIVERSITY OF TEXAS
AT DALLAS, Appellee.

No. 05–94–01416–CV.

Court of Appeals of Texas,
Dallas.

Aug. 12, 1996.

Helan H. Yu, Shawn M. Frazin, Frazin Law Offices, Dallas, for appellant.

Leo L. Barnes, Assistant Attorney General, Austin, for appellee.

Before OVARD, CHAPMAN and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

Ntreh brought suit against the University of Texas at Dallas ("the University") asserting he was wrongfully disciplined. Ntreh asserted causes of action for violation of 42 U.S.C. section 1983, section 106.001(a)(6) of the civil practice and remedies code, and for breach of contract. Ntreh also sought injunctive relief in the form of reinstatement at the University. The University responded with a plea to jurisdiction and special exceptions. The trial court sustained the University's plea to jurisdiction and dismissed Ntreh's lawsuit for lack of subject-matter jurisdiction. In a single point of error, Ntreh asserts the trial court erred in dismissing his lawsuit. We sustain Ntreh's point of error in part, reverse the trial court's judgment in part, and remand this case for further proceedings.

## BACKGROUND

Ntreh brought suit against the University asserting it discriminated against him because of his race. Ntreh asserted causes of action under 42 U.S.C. section 1983 and section 106.001(a)(6) of the civil practice and remedies code claiming he was unlawfully discriminated against on the basis of his race, and for breach of contract. In response to Ntreh's petition, the University filed a pleading entitled "Defendant University of Texas at Dallas' Plea to the ·Jurisdiction and Brief in Support, Special Exceptions; Original Answer, and Affirmative Defenses." The University asserted three affirmative defenses: (1) sovereign immunity barring suit and liability; (2) failure to mitigate damages; and (3) limitations.

The University asserted Ntreh's section 1983 claim should be dismissed for lack of subject-matter jurisdiction because it was barred by sovereign immunity from suit. The gravamen of the University's sovereign immunity claim with respect to section 1983 was that it was not a "person" for purposes of section 1983. The University argued that the civil practice and remedies code section 106.001(a)(6) claim should be dismissed because: (1) the statute did not waive the State's sovereign immunity; (2) the University was not liable under it; and (3) the trial court did not have subject-matter jurisdiction over the claim. The University argued the breach of contract claim should be dismissed because it was barred by sovereign immunity.

## SOVEREIGN IMMUNITY AND SUBJECT–MATTER JURISDICTION

■ A court must take notice of the matter of its own subject-matter jurisdiction, even *sua sponte. See Bowles v. Wade*, 913 S.W.2d 644, 647 (Tex.App.—Dallas 1995, writ denied); *Batton v. Green*, 801 S.W.2d 923, 925 (Tex.App.—Dallas 1990, no writ). A plaintiff bears the burden of alleging facts affirmatively showing that the trial court had subject-matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Bowles*, 913 S.W.2d at 649.

■ Sovereign immunity has two components—immunity from suit and immunity from liability. *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 432 (Tex.App.—Austin 1994, writ dism'd). Sovereign immunity from suit bars suits against units of state government unless express consent has been given. *Green Int'l*, 877 S.W.2d at 432; *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 738 (Tex. App.—Austin 1994, writ denied). A party suing a governmental entity protected by sovereign immunity must allege consent to suit either by reference to statute or express legislative permission. *Missouri Pac.*, 453 S.W.2d at 814. Unless there is a pleading of consent, the trial court has no jurisdiction to hear the case. *Missouri Pac.*, 453 S.W.2d at 814.

### 42 U.S.C. § 1983

#### A. Applicable Law

■ In some instances, section 1983 may abrogate the sovereign immunity of an entity. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983 (West 1994) ("section 1983"). Section 1983 applies only to "persons" as that term is used in the statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63–70, 109 S.Ct. 2304, 2308–12, 105 L.Ed.2d 45 (1989). States are not "persons" as that term is used in section 1983. *Will*, 491 U.S. at 71, 109 S.Ct. at 2312. Governmental entities that are considered "arms of the State" are also not persons under

section 1983. *Will*, 491 U.S. at 70, 109 S.Ct. at 2312. Entities within the University of Texas System are "arms of the State" and not persons under section 1983. *Bagg v. University of Tex. Medical Branch*, 726 S.W.2d 582, 584–86 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *accord Kaimowitz v. Board of Trustees of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir.1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir.1989). The University of Texas at Dallas is an entity within the University of Texas System. TEX.EDUC.CODE ANN. § 65.02(a)(3) (Vernon 1991). The definition of "person" and the applicability of section 1983 is no different when injunctive relief is sought. *City of Kenosha, Wis. v. Bruno*, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226–27, 37 L.Ed.2d 109 (1973). Thus, when a litigant seeks injunctive relief against a state agency under section 1983, he must sue an individual in authority at the agency as opposed to the agency itself.

### B. Application of Law to Facts

■ The University is not a "person" as that term is used in section 1983. As section 1983 is inapplicable to the University, it cannot overcome the University's sovereign immunity. Therefore, the trial court correctly dismissed Ntreh's section 1983 claim for lack of subject-matter jurisdiction.

## CIVIL PRACTICE AND REMEDIES CODE CHAPTER 106 [1]

### A. Applicable Law

Civil practice and remedies code section 106.001(a) provides:

(a) An officer or employee of the state or of a political subdivision of the state who is acting or purporting to act in an official capacity may not, because of a person's race, religion, color, sex, or national origin:

(1) refuse to issue to the person a license, permit, or certificate;

(2) revoke or suspend the person's license, permit, or certificate;

(3) refuse to permit the person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(4) refuse to permit the person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(5) refuse to grant a benefit to the person;

(6) impose an unreasonable burden on the person; or

(7) refuse to award a contract to the person.

TEX.CIV.PRAC. & REM.CODE ANN. § 106.001(a) (Vernon 1986). Section 106.004 excludes claims for preventative relief against the Texas Department of Criminal Justice, an employee of the department, or any other agency, agent, employee, or officer of this State from the ambit of chapter 106. TEX. CIV.PRAC. & REM.CODE ANN. § 106.004 (Vernon Supp.1996). Chapter 106 contemplates the State and, by extension, subentities of the State, as being parties to litigation under it and potentially liable for attorney's fees and costs. Section 106.002(b) provides:

In an action under this section, unless the state is the prevailing party, the court may award the prevailing party reasonable attorney's fees as part of the costs. The state's liability for costs is the same as that of a private person.

TEX.CIV.PRAC. & REM.CODE ANN. § 106.002(b) (Vernon 1986). In a separate section, chapter 106 provides for penalties for individuals violating section 106.001. TEX.CIV.PRAC. & REM.CODE ANN. § 106.003 (Vernon 1986). Although individual members of the board were sued, the Texas Supreme Court appears to have applied chapter 106 to the Texas Employment Commission as a discrete entity. *See Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151–52 (Tex.1988).

■ The sovereign acts through its officers. *Stephens v. Texas & Pac. R.R.*, 100 Tex. 177, 97 S.W. 309, 311–12 (1906). Suits against public officials in their official capacity are in reality suits against the sovereign.[2]

---

**1.** TEX.CIV.PRAC. & REM.CODE ANN. §§ 106.001–.004 (Vernon 1986 & Supp.1996).

**2.** The United States Supreme Court has noted that:

*Alcorn v. Vaksman,* 877 S.W.2d 390, 403 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Liberty Mut. Ins. Co.,* 874 S.W.2d at 738; *Thomas v. Crow,* 862 S.W.2d 719, 721 (Tex.App.—Tyler 1993, no writ); *Thomas v. Collins,* 853 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1993, writ denied); *see Burton v. Rogers,* 504 S.W.2d 404, 406 (Tex.1973). Even where the allegation is that the public official acted illegally, sovereign immunity will bar suit against the official in his or her official capacity. *See Harris County v. Going,* 896 S.W.2d 305, 309 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Liberty Mut. Ins. Co.,* 874 S.W.2d at 738; *see Perry v. Texas A & I Univ.,* 737 S.W.2d 106, 109 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.).

 It is the legislature's prerogative to waive sovereign immunity. *University of Tex. Medical Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). "[F]or the legislature to waive sovereign immunity, it must do so by clear and unambiguous language." *York,* 871 S.W.2d at 177. We should not imply waiver of sovereign immunity. *Sparks v. Texas S. Univ.,* 824 S.W.2d 328, 330 (Tex.App.—Houston [1st Dist.] 1992, no writ); *see Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980).

 Statutes must be interpreted so as to give effect to legislative intent. *Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.,* 917 S.W.2d 19, 21 (Tex.1996); *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982). A statute must be read as a whole and interpreted to give effect to every part. *Ex parte Pruitt,* 551 S.W.2d 706, 709 (Tex.1977). We determine legislative intent by looking at the language of the statute. *Cadle Co. v. Castle,* 913

S.W.2d 627, 631 (Tex.App.—Dallas 1995, writ denied) (en banc).

## B. Application of Law to Facts

 The State argues that section 106.001 applies only to individuals and does not waive the State's sovereign immunity. A review of the entire statute makes the State's position insupportable. *See Richards v. Mena,* 907 S.W.2d 566, 569 (Tex.App.—Corpus Christi 1995, writ dism'd by agr.) ("Thus, section 106.002(b) provides for an express waiver of the State's governmental immunity to those prohibited acts listed in section 106.001.").

The express language of section 106.001 prohibits state officers and employees from engaging in certain conduct. Viewed alone, this section could be interpreted as providing for a remedy only against state officers and employees and not the State or subentities of the State. However, section 106.002(b) clearly contemplates the State, and subentities of the State, being a party to litigation under chapter 106. Section 106.002(b) expressly refers to the State as being either a prevailing party or one liable for costs. Further, in 1995, the legislature added a provision expressly providing that chapter 106 does "not authorize a claim for preventative relief against the Texas Department of Criminal Justice, an employee of the department, or any other agency, agent, or officer of this state" under certain circumstances not applicable here.[3] TEX.CIV.PRAC. & REM.CODE ANN. § 106.004. If chapter 106 did not apply to the State and related subentities, it would have been unnecessary to exclude the Texas Department of Criminal Justice from the scope

Personal capacity suits seek to impose personal liability upon a government official for action he takes under color of state law. Official capacity suits, in contrast "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dep't of Social*

*Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978) (citations omitted)). The Supreme Court also noted that a judgment against a public servant in his official capacity imposes liability on the entity he represents. *Graham,* 473 U.S. at 169, 105 S.Ct. at 3107; *accord Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex.App.—El Paso 1993, writ dism'd w.o.j.).

3. The exclusion set forth in section 106.004 relates to claims brought by persons housed in facilities operated by the Texas Department of Criminal Justice and accruing while so housed.

of chapter 106. Viewing the statute as a whole, we conclude the legislature intended to waive the State's sovereign immunity under the limited circumstances set forth in chapter 106 of the civil practice and remedies code. *See Richards,* 907 S.W.2d at 569 (holding that section 106.001 is a waiver of sovereign immunity).

■ The trial court dismissed Ntreh's section 106.001 claim concluding that it did not have subject-matter jurisdiction over the claim because the State did not waive sovereign immunity under that statute. As set forth above, we conclude the State's sovereign immunity to suit and liability is waived under section 106.001. Thus, the trial court did have subject-matter jurisdiction over the claim. We hold the trial court erred in dismissing Ntreh's chapter 106 claim because sovereign immunity did not deprive it of subject-matter jurisdiction over the claim.

## BREACH OF CONTRACT

Ntreh asserts the trial court erred in dismissing his breach of contract claim.[4] The University argues that its sovereign immunity deprived the trial court of jurisdiction over the claim.

### A. Applicable Law

■ Sovereign immunity does not apply to claims asserting breach of contract made with the State or its agencies. *Texas Dep't of Health v. Texas Health Enters., Inc.,* 871 S.W.2d 498, 506 (Tex.App.—Dallas 1993, writ denied); *Industrial Constr. Management v. DeSoto Indep. Sch. Dist.,* 785 S.W.2d 160, 163 (Tex.App.—Dallas 1989, no writ); *see Fristoe v. Blum,* 92 Tex. 76, 45 S.W. 998, 999 (1898) ("It is well settled that so long as the state is engaged in making or enforcing laws, or in the discharge of any other governmental function, it is to be regarded as a sovereign, and has prerogatives which do not appertain to the individual citizen; but when it becomes a suitor in its own courts, or a party to a contract with a citizen, the same law applies to it as under like conditions governs the contracts of an individual.").

*But see Texas S. Univ. v. Federal Sign,* 889 S.W.2d 509, 511 (Tex.App.—Houston [14th Dist.] 1994, writ granted) (holding that State waives immunity from liability, but not suit, when it enters into a contract). "Sovereign immunity does not stand as a bar to a citizen's right to enforce contractual obligations entered into by the State or any of its agencies." *Texas Health Enters.,* 871 S.W.2d at 506.

### B. Application of Law to Facts

■ The trial court dismissed Ntreh's breach of contract claim concluding that the University's sovereign immunity deprived it of subject-matter jurisdiction over the claim. Sovereign immunity was not available to the University with respect to Ntreh's breach of contract claim. The trial court erred in dismissing Ntreh's breach of contract claim.

## DISPOSITION

We affirm the trial court's dismissal of Ntreh's section 1983 claim for lack of subject-matter jurisdiction. We reverse the trial court's dismissal of Ntreh's chapter 106 claim and breach of contract claim. We remand this case to the trial court for further proceedings consistent with this opinion.

---

4. Ntreh, the University, and the trial court interpreted Ntreh's petition as asserting a breach of contract claim. Thus, we will address the claim.