**TEXAS PARKS & WILDLIFE DEPARTMENT, Appellant,**

v.

**GARRETT PLACE, INC. and Lakeside Management Company, Appellees.**

**No. 05–97–01636–CV.**

Court of Appeals of Texas, Dallas.

June 22, 1998.

Christopher Chay Leunes, Assistant Attorney General, Austin, for Appellant.

Michael C. Steindorf, Dallas, Terriann Trostle, Fulbright & Jaworski, Houston, for Appellee.

Before LAGARDE, KINKEADE and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Texas Parks & Wildlife Department (TPWD) appeals the trial court's order denying its plea to the jurisdiction. In three points of error, TPWD generally contends the trial court erred in denying its plea to the jurisdiction because appellees failed to state a claim within the limited waiver provisions of the Texas Tort Claims Act. We reverse the trial court's order and dismiss appellees' cross-action.

### FACTUAL BACKGROUND

Stephanie L. Booker, Brent Booker, Joan Kerr, Sabra Scott, and Kim Colvin (collectively referred to as the plaintiffs) were injured in a hit-and-run boating accident on Lake Lewisville. The marina at Lake Lewisville is owned by appellee Garrett Place, Inc. and operated by appellee Lakeside Management Company. The plaintiffs sued appellees, asserting causes of action for premises liability and negligence. Appellees filed a cross-action for contribution against TPWD alleging that, if they are found liable to the plaintiffs, TPWD is liable for contribution because TPWD negligently controlled the premises on which the accident occurred. Specifically, appellees asserted that TPWD was negligent in failing to adequately patrol the lake in violation of state law and existing TPWD policy. They claimed that sovereign immunity was waived under the Texas Tort Claims Act because the plaintiffs' injuries arose out of the use or condition of real property, i.e., the lake.

TPWD filed a plea to the jurisdiction asserting appellees did not allege a cause of action within the limited waiver provisions of the tort claims act and, therefore, immunity from suit had not been waived. The trial court denied the plea to the jurisdiction. This interlocutory appeal followed. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1998).

### STANDARD OF REVIEW

■■■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied). The plaintiff bears the burden of alleging facts affirmatively showing that the trial

court has subject-matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin, writ denied). We take allegations in the pleadings as true and construe them in favor of the pleader. *Texas Ass'n of Business*, 852 S.W.2d at 446.

### SOVEREIGN IMMUNITY

■ Sovereign immunity has two component parts—immunity from suit and immunity from liability. *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *Ntreh v. University of Tex. at Dallas*, 936 S.W.2d 649, 651 (Tex. App.—Dallas 1996), *rev'd in part on other grounds*, 947 S.W.2d 202 (Tex.1997). Sovereign immunity from suit bars suits against units of state government unless express consent has been given. *Ntreh*, 936 S.W.2d at 651; *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 432 (Tex.App.—Austin 1994, writ dism'd). A party suing a governmental entity must allege consent to suit either by reference to statute or express legislative permission. *Missouri Pac. R.R.*, 453 S.W.2d at 814; *Ntreh*, 936 S.W.2d at 651. Unless there is a pleading of consent, the trial court has no jurisdiction to hear the case. *Missouri Pac. R.R.*, 453 S.W.2d at 814; *Ntreh*, 936 S.W.2d at 651. If a governmental entity is sued without legislative consent, the trial court should grant the governmental entity's plea to the jurisdiction. *See State v. Lain*, 162 Tex. 549, 552, 349 S.W.2d 579, 582 (1961); *Holder v. Mellon Mort. Co.*, 954 S.W.2d 786, 804 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Vincent v. West Tex. State Univ.*, 895 S.W.2d 469, 472 (Tex.App.—Amarillo 1995, no writ).

■ The tort claims act constitutes a limited waiver of sovereign immunity. To invoke the trial court's jurisdiction, it is necessary to show the Act waives the State's immunity from suit. *See Holder*, 954 S.W.2d at 805–08; *Vincent*, 895 S.W.2d at 472. At issue here is section 101.021(2) of the Act which provides that a governmental unit in the State is liable for personal injury and death "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC & REM § 101.021(2) (Vernon 1997).

■ To state a claim involving the "condition" of property, the plaintiff must allege that defective or inadequate property caused the injury. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31–32 (Tex.1983). To state a claim involving the "use" of nondefective property, the plaintiff must allege the property was used or misused by a government employee. *Salcedo*, 659 S.W.2d at 32; *Hatley v. Kassen*, 859 S.W.2d 367, 376 (Tex. App.—Dallas 1992), *rev'd on other grounds*, 887 S.W.2d 4 (Tex.1994).

■ The injury must be proximately caused by the condition or use of the property. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). The requirement of causation is more than mere involvement. *Id.* at 341–343. Property does not cause injury if it does no more than furnish the condition that makes injury possible. *Id.* at 343.

### APPLICATION

■ In its first point of error, TPWD contends the trial court erred in denying its plea to the jurisdiction based on sovereign immunity because appellees' claims are outside the scope of the tort claims act. To determine the trial court's subject-matter jurisdiction, we must decide whether appellees alleged a cause of action within the limited waiver provisions of the Act. *See Holder*, 954 S.W.2d at 805–08. In their cross-action, appellees asserted that the plaintiffs' injuries arose out of the condition and use of Lake Lewisville. *See* TEX. CIV. PRAC & REM § 101.021 (Vernon 1997).

As to "use," appellees alleged only that the State decided to "use" the lake as a public water recreational facility. The pleadings do not, in any way, explain how such generalized use of real property by the State of Texas proximately caused the plaintiffs' injuries. Property does not cause injury if it does no more than furnish the condition that makes

the injury possible. *See Bossley,* 968 S.W.2d at 343. Although the State's "use" of the lake may have given the hit-and-run boater access to the lake, it cannot be said the State's use of the lake caused the injury.[1] *See id.* We conclude appellees did not allege personal injury proximately caused by the State's use of real property.

■ Appellees also asserted a dangerous "condition" existed at the lake which caused the plaintiffs' injuries. The alleged condition that existed was a lack of game wardens to enforce State law and TPWD policies. This "condition" concerns the activity (or lack thereof) of the game wardens on the lake. The condition does not, as required by the Act, complain of anything defective or inadequate about the lake itself. *See Salcedo,* 659 S.W.2d at 32. Thus, the lack of game wardens does not constitute a condition *of real property.* Therefore, appellees did not allege an injury proximately caused by a condition of the lake.[2]

We conclude appellees failed to allege an injury proximately caused by the condition or use of real property. Therefore, the trial court should have granted TPWD's plea to the jurisdiction. *See Holder,* 954 S.W.2d at 808. We sustain TPWD's first point of error. Because of our disposition of this point, we need not reach TPWD's remaining points. We reverse the trial court's order and dismiss appellees' cross-action.

---

1. We express no opinion as to whether such a generalized use of real property can be considered a "use" in the first instance. *See LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex.1992).

2. Indeed, to hold otherwise, any time negligent conduct occurred on real property, a plaintiff could designate that conduct a "condition" of real property to bring a claim within the Act. The legislature did not intend the Act to have such an expansive effect. *See Bossley,* 968 S.W.2d at 343.