CITY OF SAN ANTONIO, Robert Ojeda, Alexander Briseño, Robert W.H. Plested, Jimmy Casiano, and William B. Johnson, Appellants,

v.

Veronica G. CORTES, Brian C. Hammer, Santiago A. Acosta, Keith Benson, and Marco A. Vargas, Appellees.

No. 04–98–01026–CV.

Court of Appeals of Texas, San Antonio.

Aug. 11, 1999.

Lowell F. Denton, Susan C. Rocha, Regina Bacon Criswell, Denton, McKamie & Navarro, P.C., San Antonio, for Appellants.

Richard H. Ihfe, Russell A. Denton, Ihfe & Associates, P.C., San Antonio, for Appellees.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice.

**OPINION**

Opinion by: SARAH B. DUNCAN, Justice.

The City of San Antonio, Robert Ojeda, Alexander Briseño, Robert W.H. Plested, Jimmy Casiano, and William B. Johnson (collectively referred to as "the City") appeal the trial court's interlocutory order denying their plea to the jurisdiction. We reverse the trial court's order and render judgment in the City's favor in part and affirm in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Gina Marie Montemayor sued the City, alleging the Civil Service Act required the City's chief executive officer, rather than its fire chief, to appoint or reject applicants on the 1996 Eligibility List for beginning positions in the San Antonio Fire Department. The trial court agreed and issued a mandatory injunction requiring the City to place Montemayor in the 1997A City of San Antonio Fire Department Training Academy class. Following Montemayor's lead, appellees Cortes, Hammer, Acosta, Benson, and Vargas, who were also applicants on the 1996 Eligibility List, sought and received similar injunctive relief. As a result, they joined the 1997B class and, on September 29, 1997, began their employment with the City as fire fighter trainees.

After the appellees successfully completed their training, on March 12, 1998, they received termination notices from Fire Chief Robert Ojeda and City Manager Alexander Briseño. *See Montemayor v. City of San Antonio Fire Dep't*, 985 S.W.2d 549, 552 (Tex.App.—San Antonio 1998, pet. denied) (holding the fire chief has absolute

discretion to terminate a probationary fire fighter). In response, the appellees amended their petitions, alleging the City's termination of their employment was wrongful under constitutional, common, and statutory law. A summary judgment was rendered against the appellees on their invasion of privacy, fraud, fraudulent and negligent misrepresentation claims, as well as the bulk of their constitutional claims. As to the remaining claims, the City filed a plea to the jurisdiction asking the trial court to dismiss for lack of subject matter jurisdiction. The trial court denied the requested relief, and the City filed this interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

## STANDARD OF REVIEW

■ In reviewing the trial court's ruling on a plea to the jurisdiction, we take the factual allegations in the appellees' petitions as true, *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (1949), and review the trial court's determination of subject matter jurisdiction, including its construction of pertinent statutes, de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997).

## PROPRIETARY OR GOVERNMENTAL FUNCTION?

■ A city enjoys sovereign immunity from a suit arising out of its performance of a governmental function unless immunity has been waived. *See Federal Sign v. Texas Southern Univ.,* 951 S.W.2d 401, 405 (Tex.1997); *City of La Porte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995). "[T]he hiring and firing of city employees is clearly a governmental function." *Barfield,* 898 S.W.2d at 291. In support of their argument to the contrary, the appellees cite *Williams v. City of Midland,* 932 S.W.2d 679 (Tex.App.—El Paso 1996, no writ). But the appellees' reliance upon *Williams*

is misplaced. The *Williams* Court recognized the hiring and firing of city employees is a governmental function, *see id.* at 683, but held "[t]he *recruitment* of uniformed police officers" is a proprietary function. *Id.* at 684 (emphasis added). Recruitment is not at issue here. We therefore hold the City exercised a governmental function in terminating the appellees' employment.

## WAIVER OF IMMUNITY

Of the appellees' pleaded claims, these remain: (1) the City terminated their employment in violation of (a) the Civil Service Act (b) the Collective Bargaining Agreement and (c) their state constitutional rights; and (2) the City terminated their employment in retaliation for their having filed the suit. On appeal, the City argues it is immune from suit on each of the appellees' remaining claims. We agree in part.

■ Under the Civil Service Act, a "fire fighter" is entitled to appeal a commission decision terminating his employment. *See* TEX. LOC. GOV'T CODE ANN. § 143.015(a) (Vernon 1999) (fire fighter dissatisfied with any commission decision may appeal to district court). " 'Fire fighter' means a member of a fire department who was appointed in substantial compliance with this chapter *or* who is entitled to civil service status under Section 143.005 or 143.084." *Id.* § 143.003(4) (emphasis added). A person is not entitled to civil service status under the Civil Service Act and is not finally appointed under the Civil Service Commission's rules until he has served the requisite probationary period. *Id.* § 143.027(a)(d); *Sfair v. City of San Antonio,* 274 S.W.2d 581, 583 (Tex.Civ.App.—Austin 1955, writ ref'd n.r.e.) ("no appointment shall be deemed finally made until the appointee has satisfactorily served his probationary period"). Accordingly, a probationary fire fighter is not a "fire fighter" and thus not entitled to appeal under section 143.015(a) of the Civil Service Act. Absent a statutory right of appeal, the

trial court does not have subject matter jurisdiction to review the termination of the appellees' employment as probationary fire fighters under the Civil Service Act. *Sfair,* 274 S.W.2d at 583.

■ Similarly, article XXXII of the Collective Bargaining Agreement specifically provides the fire chief, "in his sole discretion, shall have the authority to ... discharge said employee without appeal through the grievance procedure or to the Fire Fighter and Police Officer Civil Service Commission." The Collective Bargaining Agreement thus does not waive the City's sovereign immunity from suits arising out of its hiring and firing of city employees. Nor does the Civil Service Act waive the City's immunity from suit on a cause of action for discharging an employee in retaliation for his having filed suit to redress violations of the Act. But it is well established a city is not immune from constitutional claims. *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 790 (1951). We thus conclude the City is immune from suit on all but the appellees' remaining constitutional claims.[1]

### IMMUNITY AND JURISDICTION

■ The City next argues its immunity from suit on the appellees' non-constitutional claims deprives the trial court of subject matter jurisdiction. We agree.

Whether immunity from suit deprives a trial court of subject matter jurisdiction has split the courts of appeals because of

what they have viewed as inconsistent statements by the supreme court in *Walsh v. University of Texas,* 169 S.W.2d 993 (Tex.Civ.App.—El Paso 1942, writ ref'd), and *Davis v. City of San Antonio,* 752 S.W.2d 518 (Tex.1988).[2] In our view, however, *Walsh* and *Davis* are not inconsistent when considered in light of *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 814 (Tex.1970).

In *Walsh,* the court broadly stated the general rule depriving a trial court of subject matter jurisdiction over suits against the State absent "an allegation and showing of consent." *Walsh,* 169 S.W.2d at 994. But, in *Missouri Pacific,* the court explained that this general rule applies only if "the suit [cannot] be maintained unless authorized by a special act or resolution." *Missouri Pacific,* 453 S.W.2d at 814. Conversely, this general rule does not apply if a statute permits a governmental entity to "sue and be sued" in its own name. *Id.* at 813–14. Thus in *Davis* the general rule did not apply because Davis sued a governmental entity for various torts and the Texas Tort Claims Act is a "general statute authorizing suits of that nature." *Id.* at 814. In short, because "a special act or resolution," *id.,* was not required for Davis to maintain his suit, he was properly not required to plead and prove consent. Rather, by pleading a tort, Davis shifted the burden to the City to plead and prove the Tort Claims Act preserved its sover-

---

1. In a post-submission brief, the City argues the supplemental clerk's record establishes summary judgment was rendered against the appellees on all of their pleaded constitutional claims. We disagree. Insofar as the appellees' constitutional claims are concerned, the record does not establish summary judgment was rendered on appellees' state due process and equal protection claims for terminating their employment without just cause or on their claims under article I, sections 3, 8, 9, and 19 of the Texas Constitution for failing to appoint, hire, and promote them to the rank of probationary firefighter.

2. *See and compare Texas Parks & Wildlife Dep't v. Garrett Place, Inc.,* 972 S.W.2d 140,

143 (Tex.App.—Dallas 1998, no pet.) ("Unless there is a pleading of consent, the trial court has no jurisdiction to hear the case."); *Ntreh v. University of Texas at Dallas,* 936 S.W.2d 649, 651 (Tex.App.—Dallas 1996), *modified,* 947 S.W.2d 202 (Tex.1997) (per curiam), *with Texas Dep't of Transp. v. Jones,* 983 S.W.2d 90, 91–92 n. 1 (Tex.App.—Corpus Christi 1998, Rule 53.7(f) motion filed Feb. 11, 1999) (holding immunity from suit does not deprive the trial court of subject matter jurisdiction); *Smith v. State,* 923 S.W.2d 244, 245–46 n. 2 (Tex.App.—Waco 1996, writ denied); *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 158 n. 6 (Tex.App.—Austin 1993, writ denied).

eign immunity from suit. Harmonizing *Davis* and *Missouri Pacific* in this manner is, we believe, mandated by the supreme court's recent opinion in *University of Texas at Dallas v. Ntreh*, 947 S.W.2d 202 (Tex.1997) (per curiam), *modifying in part, Ntreh v. University of Texas at Dallas*, 936 S.W.2d 649 (Tex.App.—Dallas 1996).

In *Ntreh*, the University was sued for breach of contract and discrimination in violation of state and federal statutes. *Ntreh*, 947 S.W.2d at 202. "The University responded with a plea to jurisdiction and special exceptions. The trial court sustained the University's plea to jurisdiction and dismissed Ntreh's lawsuit for lack of subject-matter jurisdiction." *Ntreh*, 936 S.W.2d at 650. On appeal, the Fifth Court of Appeals affirmed in part and reversed in part, holding "the trial court correctly dismissed Ntreh's section 1983 claim for lack of subject-matter jurisdiction," *id.* at 652, but incorrectly dismissed his state law discrimination claim and his breach of contract claim. *Id.* at 654. On further review, the supreme court held the University was immune from suit on Ntreh's breach of contract claim and "modif[ied] the court of appeals' judgment to affirm dismissal of Ntreh's claim for breach of contract." *Ntreh*, 947 S.W.2d at 202. Dismissal was appropriate because no general statute authorizes a breach of contract suit against a governmental entity. *See Missouri Pacific*, 453 S.W.2d at 814. We therefore conclude that, because a "special act or resolution" is required for the appellees to maintain suit on their non-constitutional claims against the City, the City's immunity from suit deprives the trial court of subject matter jurisdiction over these claims.

### CONCLUSION

The trial court correctly denied the City's plea to the jurisdiction on the appellees' remaining constitutional claims and we thus affirm its order to this extent. But the trial court erroneously denied the City's plea on the appellees' wrongful termination claims arising under the Civil Service Act and the Collective Bargaining Agreement and the appellees' retaliatory discharge claim. Therefore, as to these claims, we reverse the trial court's judgment and render judgment in the City's favor.