COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ISABEL ORDONEZ and SYLVIA
FLORES        )

ORDONEZ, As Next of Friend
of ALFREDO       )

ORDONEZ, JR.,                                                   )              
No.  08-03-00524-CV

                                                                              )

Appellants,                         )                    Appeal from the

                                                                              )

v.                                                                           )                
210th District Court

                                                                              )

EL PASO COUNTY, TEXAS,
SHERIFF LEO    )            of El Paso County,
Texas

SAMANIEGO, and UNKNOWN
DETENTION )

OFFICERS,                                                          )                    (TC# 96-1099)

                                                                              )

Appellees.                          )

                                                                              )

 

O
P I N I O N

 

Appellants Isabel
Ordonez and Sylvia Flores Ordonez, as next friend of Alfredo Ordonez, Jr., a
minor chid (Afredo Ordonez=s
son), appeal from the trial court=s
granting of a plea to the jurisdiction in favor of Appellees El Paso County,
Texas, Sheriff Leo Samaniego, and unknown detention officers.  The plea to the jurisdiction was based upon
governmental immunity from the law suit. 
The issue on appeal is whether the Texas Tort Claims Act waives immunity
for the severe beating which resulted in the death of Alfredo Ordonez, which
occurred at the El Paso County Detention Facility.  We affirm.








In March 1994,
Alfred Ordonez was placed in tank 550 in the El Paso County Detention
Center.  At the time, tank 550 had
twenty-three inmates, which violated state jail standards on over crowding.  There were also known rival gang members in
the tank, and Mr. Ordonez request to be transferred to another tank was
rejected.  Mr. Ordonez was brutally
attacked by the rival gang members.  He
was kicked, punched, his head was thrust against an iron object causing severe
head trauma, and he received a stab wound to the side of his head.  He was taken to a hospital, but on March 25,
1994, Mr. Ordonez died of his injuries.  

On March 21, 1996,
the Appellants filed their action against Appellees County of El Paso, Texas,
Sheriff Leo Samaniego, individually, and in his official capacity as the
Sheriff of El Paso County, and unknown detention officers.  The Appellees filed a plea to the
jurisdiction, asserting that Appellants=
petition did not fall within the limited waiver of immunity under Section
101.021(2) of the Texas Torts Claims Act. 
Appellants responded to the plea of jurisdiction and Appellees filed a
brief in support of their plea. 
Appellants then concurrently filed a second amended petition and a
memorandum brief in response to the plea to jurisdiction.  The district court granted the plea to the
jurisdiction.

Appellants then
filed a Motion to Reinstate their cause of action to which the Appellees
responded.  Prior to a decision being
rendered on this motion, Appellants filed a notice of appeal.  The district court then entered an order in
which it found the Motion to Reinstate to be in fact a motion for new trial,
and denied such motion.  Appellants then
timely filed an amended notice of appeal.








On appeal,
Appellants claim that because Mr. Ordonez=s
death arose from the use or condition of tangible property or real property,
immunity was waived by the provisions of the Texas Tort Claims Act.  Appellants analogize the facts in this case
to City of Waco v. Hester, 805 S.W.2d 807 (Tex.App.--Waco 1990, writ
denied), and argue that the holding tank, the cellblock structure itself is
personal or real property, and that housing the inmates in that tank was
analogous to the use of property.  The
use of the tank, Appellants argue, falls within the statutory waiver of the
Texas Tort Claims Act.  In Issue Two,
Appellants argue that since their cause of action falls within the Texas Tort
Claims Act, the trial court had subject-matter jurisdiction and improperly
granted the Defendant=s
plea to the jurisdiction.

Plea
to the Jurisdiction

A plea to the
jurisdiction contests the trial court=s
authority to determine the subject matter of the cause of action.  State v. Benavides, 772 S.W.2d 271,
273 (Tex.App.--Corpus Christi 1989, writ denied).  The plaintiff bears the burden of alleging
facts affirmatively showing that the trial court has subject-matter
jurisdiction.  Texas Ass=n of Business v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).  When
deciding whether to grant a plea to the jurisdiction, the trial court must look
solely to the allegations in the petition. 
Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739
(Tex.App.--Austin, writ denied).  We take
allegations in the pleadings as true and construe them in favor of the
pleader.  Texas Ass=n of Business, 852 S.W.2d at 446.

Sovereign
Immunity








Sovereign immunity
has two component parts--immunity from suit and immunity from liability.  Missouri Pac. R.R. Co. v. Brownsville
Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970); Ntreh v. University
of Tex. at Dallas, 936 S.W.2d 649, 651 (Tex.App.--Dallas 1996), rev=d in part on other grounds, 947
S.W.2d 202 (Tex. 1997).  Sovereign
immunity from suit bars suits against units of state government unless express
consent has been given.  Ntreh,
936 S.W.2d at 651; Green Int=l,
Inc. v. State, 877 S.W.2d 428, 432 (Tex.App.--Austin 1994, writ dism=d). 
A party suing a governmental entity must allege consent to suit either
by reference to statute or express legislative permission.  Missouri Pac. R.R. Co., 453 S.W.2d at
814; Ntreh, 936 S.W.2d at 651.  If
a governmental entity is sued without legislative consent, the trial court
should grant the governmental entity=s
plea to the jurisdiction.  See State
v. Lain, 162 Tex. 549, 552, 349 S.W.2d 579, 582 (1961); Holder v. Mellon
Mortg. Co., 954 S.W.2d 786, 804 (Tex.App.--Houston [14th Dist.] 1997, no
writ), rev=d
on other grounds, 5 S.W.3d 654 (Tex. 1999); Vincent v. West Tex. State
Univ., 895 S.W.2d 469, 472 (Tex.App.--Amarillo 1995, no writ).

Texas
Tort Claims Act

The tort claims
act constitutes a limited waiver of sovereign immunity.  The Texas Tort Claims Act provides that
governmental units are liable for:

(1)        property damage, personal injury, and
death proximately caused by the wrongful act or omission or the negligence of
an employee acting within his scope of employment if: 

 

(A)       the property damage, personal injury, or
death arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment; and 

 

(B)       the employee would be personally liable
to the claimant according to Texas law; and 

 

(2)        personal injury and death so caused by a
condition or use of tangible personal or real property if the government unit
would, were it a private person, be liable to the claimant according to Texas
law. 

 








Tex.Civ.Prac.&Rem.Code
Ann. ' 101.021
(Vernon 1997).  However, this waiver of
immunity does not extend to an injury arising from an intentional tort or
governmental discretionary conduct.  Tex.Civ.Prac.&Rem.Code Ann. ' 101.057.  In this case, Appellants rely on Section
101.021(2) to establish waiver of immunity, asserting that Mr. Ordonez=s injuries were proximately caused by
the tank Avis-a-vis
the incarceration and integration of rival gangs.@

In order to state
a claim for which immunity is waived, usage of the property itself must have
actually caused the injury.  Texas
Dept. Of Criminal Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001); Texas
Natural Resource Conservation Comm=n
v. White, 46 S.W.3d 864, 869 (Tex. 2001). 
The use of the property must be a Asubstantial
factor in bringing about the injury. . . .@  San Antonio State Hospital v. Koehler,
981 S.W.2d 32, 35 (Tex.App.--San Antonio 1998, pet. denied).  The injury must be proximately caused by the
condition or use of the property.  See
Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d
339, 343 (Tex. 1998), cert. denied, 525 U.S. 1017, 119 S.Ct. 541, 142
L.Ed.2d 450 (1998).  Incidental
involvement of the property is insufficient. 
Id.; City of Midland v. Sullivan, 33 S.W.3d 1, 8
(Tex.App.--El Paso 2000, pet. dism=d
w.o.j.).  Property does not cause injury
if it does no more than furnish the condition that makes injury possible.  Bossley, 968 S.W.2d at 343; Sullivan,
33 S.W.3d at 8.  Although a room may be
part of the context and condition that made a personal injury possible, such a
setting without more, cannot satisfy the requirement of proximate cause under
the Act.  Scott v. Prairie View A
& M Univ., 7 S.W.3d 717, 720 (Tex.App.--Houston [1st Dist.] 1999, pet.
denied); see also Hendrix v. Bexar County Hosp. Dist., 31 S.W.3d 661,
663 (Tex.App.--San Antonio 2000, pet. denied), citing San Antonio State
Hosp. v. Koehler, 981 S.W.2d 32, 37 (Tex.App.--San Antonio 1998, pet.
denied).








In this case,
Appellants=
allegations are at best that the tank was merely involved.  While not placing Mr. Ordonez in the tank may
have prevented him from being beaten, the tank itself was not the proximate
cause of his injuries.  The placing of
Mr. Ordonez in the tank with rival gang members may have given them access to
Mr. Ordonez, but we cannot say that the use of the tank caused the injury.

Appellants attempt
to analogize the facts in this case to the Hester opinion.  Hester involved a former inmate who
sued the city and police chief under the Act after being sexually assaulted by
another inmate in jail.  Hester,
805 S.W.2d at 809.  In Hester, the
jury determined that the city=s
negligent implementation of policies concerning the use of tangible personal or
real property proximately caused Hester injuries.  Id. at 813.  The Waco Court of Appeals concluded that the
following property was Aused:@ 
(1) the room in which the attack took place; (2) the closed steel door
that deterred proper surveillance; and (3) the television set the guards were
known to watch instead of surveillance monitors.  Id. at 815.  As the Appellants acknowledged,  Hester has been criticized in other
opinions.  See Tarrant County Hospital
District v. Henry, 52 S.W.3d 434, 442 (Tex.App.‑-Fort Worth 2001, no
pet.)(declining to follow Hester ); Scott, 7 S.W.3d at 720
(stating that the day room and door were not defective and were too attenuated
from the actual injury to be considered the proximate cause of the inmate=s injury); Laman v. Big Spring State
Hospital, 970 S.W.2d 670, 672 (Tex.App.‑-Eastland 1998, pet.
denied)(refusing to follow Hester to the extent it holds that a room is
personalty or that a cause of action will lie for the negligent use of real
property and noting that Hester is better supported by the court=s reasoning that the television set was
tangible personal property).  As we have
previously said, Hester does not hold that the negligent implementation
of policy is sufficient, standing alone, to waive immunity.  See Renteria v. Housing Authority of the
City of El Paso, 96 S.W.3d 454, 458 (Tex.App.--El Paso 2002, pet.
denied).  Appellants in this case have
not shown that the condition or use of the property, i.e. that holding tank,
was a substantial factor in bringing about Mr. Ordonez=s injuries.








Appellants weave
into their argument the claim that the Appellees in this case negligently
implemented the policy of not housing rival gang inmates in the same holding
tank.  However, the assertion of a
negligent implementation theory of liability can arise only after a plaintiff
has properly asserted a waiver of immunity under Section 101.021 of the tort
claims act.  Tex.Civ.Prac.&Rem.Code Ann. '
101.021; City of Orange v. Jackson, 927 S.W.2d 784, 786
(Tex.App.--Beaumont 1996, no writ).  In
this case, since Appellants did not assert any claim that fell within the scope
of Section 101.021 of the tort claims act, the theory of negligent
implementation liability does not arise in this case.  Jackson, 927 S.W.2d at 786.  For the reasons stated, we find that there is
no waiver of sovereign immunity as to Appellants claim.  We overrule both of Appellants= issues on appeal.

We affirm the
trial court=s
judgment.  

 

 

 

March
10, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.