COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




CITY OF EL PASO,

                            Appellant,

v.

JOSE GOMEZ-PARRA AND
YOLANDA GOMEZ-PARRA,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00057-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2004-1603) 




O P I N I O N

           Appellant, City of El Paso (“City”), appeals the trial court’s order denying its plea to
the jurisdiction. On appeal, the City raises two related issues contending the trial court
erroneously denied its plea to the jurisdiction because: (1) the City engaged in a
governmental function for which it retained its governmental immunity; and (2) that
Appellees failed to plead the limited waiver of sovereign immunity under the Texas Tort
Claims Act (“TTCA”). See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005). 
We reverse the judgment of the trial court and remand the cause to the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
           On or about November 10, 2001, Mr. and Ms. Gomez-Parra bought a 1991 Hyundai
from the City of El Paso at an auction. On April 18, 2002, while attempting to cross into the
United States, Ms. Gomez-Parra was stopped at the Ysleta Port of Entry when custom
officers discovered 27 pounds of marijuana in the vehicle. On April 12, 2004, Mr. and Ms.
Gomez-Parra filed a suit against the City alleging claims of negligence and intentional tort
against the City from the fact arising out of the marijuana found in the vehicle.



           The City filed an original answer, plea in abatement, and a plea to the jurisdiction. 
In their response, the City raised the affirmative defense of sovereign immunity from liability
based on any claim of an intentional tort. Under their plea to the jurisdiction, the City alleged
the “Court does not have subject matter jurisdiction over those causes of action brought in
tort because the Court only has such jurisdiction if the Plaintiffs’ claims fall within the
limited waiver of immunity created by the Act, which, the City alleges, they do not.”
           A hearing on the City’s plea to the jurisdiction was held on November 29, 2004. After
determining that Appellees had not filed a written response to the City’s plea to the
jurisdiction, the trial court allowed Appellees’ counsel an opportunity to provide a response
and the City in turn, an opportunity to reply to such response. In their response to the City’s
plea in abatement and plea to the jurisdiction, Appellees’ argue that the auctioning of the
automobiles is a proprietary function and thus, the City cannot claim sovereign immunity. 
In its response to Appellees’ reply, the City argued that because there is no statute, city
ordinance, or any other Texas law mandating the inspection of a vehicle prior to auctioning,
the search of a vehicle for narcotics prior to its auctioning is a discretionary act for which the
City has not waived its immunity. Therefore, even assuming, arguendo, that Appellees’
claims fall within the limited scope of waiver of immunity established by the TTCA,
defendant is nonetheless immune. Furthermore, the City argues that Texas law reveals that
seizing, forfeiting, and auctioning an automobile are governmental functions that the City
performs as an agent of the State of Texas, in furtherance of Texas law, and for the interest
of the public at large. The trial court denied the City’s plea to the jurisdiction on January 13,
2005. This appeal follows.
II. DISCUSSION
           In Issue No. One, the City asserts that seizing, forfeiting, and auctioning an
automobile is a governmental function pursuant to section 101.0215(a)(1), which lists police
protection and control as a governmental function. The City asserts that it is undisputed that
the vehicle was seized by the El Paso Police Department and auctioned by the City and that
because such procedure is mandated by the Tex. Code Crim. Proc. Ann. arts. 59.01-59.03,
59.06, the function of auctioning seized vehicles is a governmental function for which the
City retains its governmental immunity.


 In Issue No. Two, the City asserts that the
Appellees failed to plead the limited waiver of sovereign immunity under the TTCA. 
Appellees contend that the language of articles 59.01 and 59.02 is not mandatory and does
not state that property that is contraband shall be subject to seizure and forfeiture. The City
is not enjoined by the State to sell forfeited automobiles to the highest bidder through an
auctioneer. Rather, Appellees contend that the forfeiture and sale of automobiles by the City
is a voluntary commitment and is not governmental in nature, but rather a proprietary
function that the City chooses to engage in. Furthermore, the Appellees argue that under
section 101.0215, police and fire protection and control is a governmental function for which
a municipality may be liable under the Texas Tort Claims Act. According to the Appellees,
if “selling used cars is not a proprietary function,” then such activity would fall under police
and fire protection and control and the City would have no immunity.
A. Standard of Review
           A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court’s
authority to determine the subject matter of an action. Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a
question of law to be reviewed de novo. Tex. Natural Res. Conservation Comm’n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). In performing this review, we do not look to the
merits of the plaintiff’s case but consider only the pleadings and evidence pertinent to the
jurisdictional inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). The
plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has
subject matter jurisdiction. Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993). In the context of suit against a governmental unit, the plaintiff must allege
consent to suit either by reference to statute or express legislative permission. Texas
Department of Transportation v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); Texas Parks &
Wildlife Dept. v. Garrett Place, Inc., 972 S.W.2d 140, 143 (Tex. App.--Dallas 1998, no pet.).
B. Governmental Immunity
           Sovereign immunity protects the State of Texas, its agencies, and its officials from
being sued absent legislative consent. Federal Sign v. Texas Southern University, 951
S.W.2d 401, 405 (Tex. 1997). A municipality, such as the City of El Paso, is immune from
liability for its governmental functions unless that immunity is specifically waived. City of
El Paso v. Hernandez, 16 S.W.3d 409, 414 (Tex. App.--El Paso 2000, pet. denied). The law
of governmental immunity has traditionally distinguished between a municipality’s
governmental and proprietary functions. See City of Galveston v. Posnainsky, 62 Tex. 118
(1884); Gates v. City of Dallas, 704 S.W.2d 737, 738-39 (Tex. 1986). A Texas municipal
government is only immune for its governmental functions; it has no immunity for any
proprietary functions. Williams v. City of Midland, 932 S.W.2d 679, 682 (Tex. App.--El Paso
1996, no writ). When a municipality commits a tort while engaged in proprietary functions,
it is liable to the same extent as a private entity or individual. Texas River Barges v. City of
San Antonio, 21 S.W.3d 347, 356 (Tex. App.--San Antonio 2000, pet. denied). Under section
101.0215 of the Texas Tort Claims Act, certain municipal functions are defined as
governmental and others as proprietary. See Tex. Civ. Prac. & Rem. Code Ann. § 101.0215
(Vernon 2005). The Texas legislature has defined governmental functions as “those
functions that are enjoined on a municipality by law and are given it by the state as part of
the state’s sovereignty, to be exercised by the municipality in the interest of the general
public . . . .” Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a). Proprietary functions are
“those functions that a municipality may, in its discretion, perform in the interest of the
inhabitants of the municipality . . . .” Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(b);
see also City of Gladewater v. Pike, 727 S.W.2d 514, 519 (Tex. 1987) (proprietary function
is one performed by a city, in its discretion, primarily for the benefit of those within the
corporate limits of the city, rather than for use by the general public). A municipality retains
its immunity for activities which the legislature has defined as governmental, except to the
extent immunity is waived by acts, omissions, and conditions as specified in the Act. See
Williams, 932 S.W.2d at 682. The Texas Tort Claims Act waives sovereign immunity from
liability in three general areas: “use of publicly owned automobiles, premises defects, and
injuries arising out of conditions or use of property.” Texas Dept. of Transp. v. Able, 35
S.W.3d 608, 611 (Tex. 2000); see also Tex. Civ. Prac. & Rem. Code Ann. § 101.021
(Vernon 2005). The Act also waives immunity from suit for all claims for which it waives
liability. See Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (Vernon 2005). Section
101.0215(a) contains a nonexclusive list of activities categorized as governmental functions.


 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a)(Vernon 2005). If a function is
included in this nonexclusive list of governmental functions, it has been deemed
governmental in nature by the legislature and we have no discretion or authority to hold
otherwise. See Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(c) (“The proprietary
functions of a municipality do not include those governmental activities listed under
Subsection (a).”); Texas River Barges v. City of San Antonio, 21 S.W.3d 347, 357 (Tex.
App.--San Antonio 2000, pet. denied) (“Because the City’s actions were encompassed within
the governmental functions listed in the Act, we have no discretion to declare the actions
proprietary . . . .”) (citing Herschbach v. City of Corpus Christi, 883 S.W.2d 720, 730 (Tex.
App.--Corpus Christi 1994, writ denied); Mitchell v. City of Dallas, 855 S.W.2d 741, 744
(Tex. App.--Dallas 1993), aff’d, 870 S.W.2d 21 (Tex. 1994)).
           In this case, we find that the activity of auctioning a seized vehicle is so well aligned
with the police and fire protection and control function that the legislature has designated it
as a governmental function. As the City points out in its brief, Tex. Code Crim. Proc. Ann.
arts. 59.01-59.03, mandates the seizure of vehicles used in the transportation of narcotics and
that such seized vehicles are subject to forfeiture and must be sold at public auction. Under
article 59.06(c)(2), the proceeds of the fund shall be used for law enforcement purpose. See
Tex. Code Crim. Proc. Ann. art. 59.06(c)(2). The sale of the vehicle at auction was an
extension of the City’s police and fire protection function and as such, the City engaged in
an activity that touched on the category of police and fire control listed as a governmental
function in section101.0215(a). See Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(1)
(Vernon 2005). Therefore, we find that the City is immune from Appellees’ suit and the trial
court erred in denying its plea to the jurisdiction. Issue No. One is sustained. Having
sustained Issue No. One, and finding that its disposition properly disposes of this appeal, we
need not reach Issue No. Two.
 

           For the reasons stated above, we reverse the trial court’s judgment and remand the
case for proceedings consistent with this opinion.
 
                                                                  RICHARD BARAJAS, Chief Justice

July 13, 2006

Before Panel No. 5
Barajas, C.J., McClure, and Ables, JJ.
Ables, J., sitting by assignment